LÓPEZ, DEMANDANTE Y APELANTE, *v.* SÁNCHEZ, DEMANDADO Y APELADO.

APELACIÓN procedente de la Corte de Distrito de Humacao en causa sobre cumplimiento de contrato e indemnización de perjuicios.

No. 1271.—Resuelto en junio 4, 1915.

MANDATO—CONTRATOS OTORGADOS POR MEDIO DE MANDATARIOS—PRUEBAS—ALEGACIONES.—La prueba de que un contrato fué otorgado por medio de mandatario sostiene la alegación de que fué otorgado por el mandante, pues los actos del mandatario deben reputarse actos propios del mandante.

ID.—CONTRATOS POR MEDIO DE MANDATARIO—MEJOR PRUEBA DEL CONTRATO—ERROR PERJUDICIAL.—No es el mandante el llamado a suministrar la mejor prueba de la existencia del contrato celebrado por el mandatario, sino el propio mandatario, puesto que su declaración tiene que ser de más trascendencia en el juicio que la de su principal y por tanto en el caso de autos cometió error la corte al apreciar que no se había traído evidencia alguna de la

existencia del contrato por no haber comparecido a declarar el demandante, y al estimar como perjudicial al mismo la falta de esa comparecencia cuando pudo comparecer a declarar.

NON-SUIT—ALEGACIONES DE LA DEMANDA—EXAMEN DE LAS PRUEBAS—Examinadas las alegaciones de la demanda y las pruebas en este caso se resolvió que aquéllas se sostienen por el resultado de éstas y que la corte inferior erró al declarar con lugar la moción de *non-suit.*

ID.—PRUEBAS—PRESUNCIÓN.—En una moción de *non-suit* todo lo que de la prueba resulte de modo suficiente en favor del demandante deberá considerarse como establecido; en otras palabras al ser interpuesta dicha moción debe presumirse que es cierta la prueba que tiende a sostener el caso del demandante y deberá ser considerada en el sentido más favorable para él y lo que la prueba tiende a mostrar debe ser tenido como probado.

Los hechos están expresados en la opinión.

Abogados del apelante: *Sres. Rafael Arce Rollet* y *Manuel Tous Soto.*

Abogado del apelado: *Sr. Juan B. Huyke.*

EL JUEZ PRESIDENTE SR. HERNÁNDEZ, emitió la opinión del tribunal.

Se trata de recurso de apelación interpuesto por el demandante Gregorio López Falcó contra sentencia que dictó la Corte de Distrito de Humacao en 29 de julio de 1914 declarando con lugar moción de *non suit* del demandado José Sánchez, y en su consecuencia sin lugar la demanda con las costas al demandante.

En la demanda, su fecha 10 de octubre, 1913, de que conoció originariamente la Corte Municipal de Caguas, y en grado de apelación mediante celebración de nuevo juicio la Corte de Distrito de Humacao, se alegan los siguientes hechos además del relativo a la capacidad de ambas partes:

*Primero.* Que el demandante, hacia el día 8 de octubre de 1913, celebró con el demandado José Sánchez un contrato verbal de compraventa en virtud del cual el demandado se obligó a entregarle tres partidas de tabaco, de buena calidad y propio para la elaboración de cigarros, consistentes, la primera, en 6 fardos número 1 con peso de 321 libras netas a $18 cada quintal o sean $77.58, la segunda, en 14 fardos número 2 con peso de 1033 libras netas a $14 quintal, o sean $144.62, y la tercera, en 7 fardos número 3 con peso de 450

libras a $14 quintal, o sean $63, cuyas tres partidas de dinero dan el precio total de $285.20.

*Segundo.*—Que las operaciones de clasificación, empaque, peso y liquidación del precio de dichas partidas de tabaco se hicieron por Manuel Señeris, en representación del demandante, con la intervención y conformidad absoluta del demandado a quien el demandante entregó en pago un cheque expedido a favor de José Sánchez por la referida cantidad de $285.20 a cargo del Banco Comercial de Puerto Rico.

*Tercero.* Que el demandado no ha entregado a Manuel Señeris, ni al demandante, ni a persona alguna en su nombre, el tabaco de referencia, ni parte del mismo apesar de los requerimientos que se le han hecho para que verifique la entrega.

*Cuarto.* Que el demandado con su proceder le ha obligado a hacer gastos y gestiones y le ha privado del goce y libre disposición del tabaco, causándole así perjuicios que estima razonablemente por ambos conceptos en cantidad no menor de $150.

La demanda concluye con la súplica de que se dicte sentencia condenando al demandado a entregar al demandante dentro de segundo día los 27 fardos de tabaco en el mismo estado y con igual peso al que tenían cuando se perfeccionó el contrato, o en su defecto a devolverle la suma de $285.20 que recibió, con intereses legales desde la presentación de la demanda, hasta su total pago, y a abonarle además $150 en concepto de indemnización de daños y perjuicios con los intereses legales durante el tiempo expresado, siendo de cargo del demandado las costas y desembolsos que se originen con el pleito.

El demandado al contestar la demanda negó todos y cada uno de los hechos de la misma y como materia nueva constitutiva de oposición o defensa, alega:

1°. Que el demandado vendió en 29 de septiembre de 1913 a The Plantations Company representada por su gerente autorizado Gregorio López Falcó, tres estibas de tabaco en rama,

dos de manojos a $14 el quintal y otra de tabaco deshojado a $18 el quintal, siendo ese el mismo tabaco a que se refiere la obligación.

2°. Que el demandado recibió a cuenta de la venta la suma de $285.25, debiéndole dicha corporación la suma de $160.80.

3°. Que el demandado radicó en la Secretaría de la Corte de Distrito de Humacao una demanda exigiendo a The Plantations Company el pago de la cantidad debida y los daños y perjuicios causados.

4°. Que el demandante Gregorio López Falcó no puede negociar por cuenta propia, por prohibírselo su carácter de gerente de la corporación citada, ni tampoco a nombre de otra persona.

El demandante presentó moción para que fueran eliminados de la contestación del demandado los hechos que alegó como materia de defensa, y esa moción fué declarada sin lugar.

Señalado día para la celebración del juicio, después de presentada por el demandante su evidencia, anunció el demandado una moción de *non suit,* y antes de que la hubiera hecho, el demandante solicitó de la corte permiso para enmendar la alegación primera de la demanda en el sentido de que el contrato se había celebrado por conducto de Manuel Señeris armonizándose así la prueba con las alegaciones. La corte denegó el permiso solicitado y el demandado pidió entonces un *non suit* fundado en que la demanda alega que el demandante hizo un contrato verbal con el demandado y de la prueba resulta que fué Manuel Señeris quien hizo la negociación, por lo que procedía desestimar la demanda por falta de prueba del hecho principal que la fundamenta.

La moción de *non suit* fué declarada con lugar y en su consecuencia desestimada la demanda por sentencia que dictó la corte en 29 de julio de 1914 y que ha sido recurrida por la parte demandante, según dejamos ya expresado.

Alega la representación del apelante Gregorio López Falcó

como motivos del recurso, los siguientes errores cometidos por la corte:

(*a*) Al declarar con lugar la moción de *non suit* presentada por la parte demandada.

(*b*) Al desestimar la moción del demandante para que se le permitiera enmendar la demanda.

(*c*) Al declarar sin lugar la moción de eliminación de la materia nueva de defensa alegada en la contestación a la demanda.

Para considerar el primer motivo del recurso se hace necesario examinar las pruebas practicadas en el juicio a propuesta de la parte demandante, cuyas pruebas consistieron en las declaraciones de los testigos Manuel Señeris, Rafael Sevilla Ruiz, Eugenio L. Martín, y Rafael Arce Rollet.

Manuel Señaris declara que allá por el año de 1913 tuvo intervención en un negocio de compra de tabaco por el demandante al demandado; que hacia el 8 de octubre de dicho año fué llamado por el demandante para tratar y recibir un tabaco de José Sánchez que fué clasificado, enfardado, marcado y pesado, resultando 27 fardos, 6 del número 1, 14 del número 2 y 7 del número 3, con 19 quintales y 14 libras; que el precio del tabaco fué convenido, el de la clase número 1 a $18 el quintal, y el de las clases 2 y 3 a $14; que entregó a Sánchez una nota de la liquidación practicada para que cobrara el importe del tabaco, quedando ese papel en poder de Sánchez; que el demandante no recibió el tabaco porque Sánchez se opuso a la entrega; que hizo la operación por mandato de Gregorio López para quien era el tabaco; y que anteriormente el Don Gregorio y José Sánchez tuvieron un trato de tabaco que no llegó a realizarse, pues después de enfardarse 6 ó 7 fardos, se arrepintió Sánchez del negocio, lo que dió lugar a que pasados unos días le hablara Sánchez por si podía arreglar el negocio con Don Gregorio, lo que hizo obrando por encargo y mandato de Don Gregorio y haciendo el negocio con Sánchez en los términos ya expresados.

Rafael Sevilla Ruiz afirma que es tenedor de libros de Gregorio López Falcó, de The Plantations Company y de la West Indias; que intervino en un pago de dinero que hizo López Falcó a José Sánchez como precio de un tabaco por el año 1913; que José Sánchez se presentó en la oficina de The Plantations Company, con nota hecha por Manuel Señeris de un tabaco que se le había comprado, y López Falcó le dijo al testigo que liquidara dicha nota, como así lo hizo, extendiendo a favor de Sánchez un *check* por $285.20 con la firma particular de López Falcó; que los talonarios de cheques de The Plantations Company y López Falcó son distintos y hasta de diferente tamaño, firmando también el Don Gregorio los cheques de dicha corporación por ser partícipe y representante de ella; que cuando esa compañía no compra tabaco puede Don Gregorio comprar para él, y que en el año 1913 no hizo la compañía operación alguna de tabaco.

Eugenio L. Martín refiere que tuvo con Gregorio López Falcó un negocio en relación con un tabaco que López Falcó había comprado a José Sánchez, cuya negociación no pudo llevarse a efecto porque Sánchez no quiso entregar el tabaco a López Falcó y éste en su consecuencia tampoco pudo verificar la entrega al testigo.

Rafael Arce Rollet dice que como abogado de Gregorio López gestionó cerca de José Sánchez para que entregara al López Falcó un tabaco que éste le había comprado, a cuya entrega se negó Sánchez porque había uno de calidad inferior que quería que comprara el López sin haber entrado en la negociación, la cual hubo de fracasar, si bien más tarde fué hecha por Señeris por orden de López Falcó.

La evidencia suministrada por la parte demandante de que acabamos de hacer un ligero extracto, tiende a demostrar las alegaciones fundamentales de la demanda, a saber: Que demandante y demandado celebraron un contrato de compraventa de determinados fardos de tabaco y en el contrato medió por orden y mandato de Gregorio López, Señeris, quien

clasificó y pesó el tabaco conviniendo con Sánchez en su precio; que ese precio ascendente a $285.20 fué satisfecho a Sánchez en un cheque con la firma particular de López Falcó, y que el tabaco comprado no fué entregado al demandante.

No aparece de la prueba que el contrato de compraventa que ha originado la demanda fuera celebrado personal y directamente por el demandante con el demandado y sí que Manuel Señeris por mandato y orden del demandante se entendió con el demandado y ultimó con éste dicho contrato.

Señeris obró por cuenta y encargo de López Falcó y con orden verbal suya, siendo por tanto un verdadero mandatario del mismo con arreglo a los artículos 1611 y 1612 del Código Civil. El contrato de compraventa entre demandante y demandado quedó perfeccionado mediante el consentimiento de las partes contratantes, consentimiento prestado por el demandado a nombre propio y por el demandante mediante la intervención de su agente o mandatario Manuel Señeris.

No importa para los efectos del juicio que el demandante haya alegado en la demanda que él celebró con el demandado el contrato verbal de compraventa cuyo cumplimiento reclama, cuando de la prueba resulta que ese contrato fué perfeccionado y ultimado por Manuel Señeris por encargo y orden del demandante. El contrato propiamente fué celebrado por el demandante con José Sánchez, pues los actos del mandatario deben reputarse actos propios del mandante.

"La prueba de que un contrato fué otorgado por medio de un mandatario sostendrá la alegación de que ha sido otorgado por el mandante."

9 Cyc., 756.

"Cuando puede alegarse directamente que el contrato fué hecho por el mandante, la prueba de haberse otorgado por un agente de éste debidamente autorizado, no constituye discrepancia alguna."

16 Encyc. of Pleading & Practice, 903.

La corte inferior cometió error al apreciar que no se había traido evidencia alguna de la existencia del contrato por no haber comparecido a declarar el demandante que alegó

en su demanda haber celebrado el contrato verbal con el demandado, debiendo estimarse como perjudicial al mismo la falta de esa comparecencia cuando pudo comparecer a declarar.

Manuel Señeris, como hemos dicho, obró en el contrato a nombre de Gregorio López Falcó, y por tanto su declaración tenía que ser de más trascendencia en el juicio que la de su principal López Falcó. No era éste el llamado a suministrar la mejor prueba sino aquél.

Opinamos que las alegaciones de la demanda se sostienen por el resultado de las pruebas y que por tanto la corte inferior erró al declarar con lugar la moción de *non suit.*

"En una moción de *non suit* todo lo que de la prueba resulte de modo suficiente en favor del demandante deberá considerarse como establecido; en otras palabras, al ser interpuesta dicha moción debe presumirse que es cierta la prueba que tiende a sostener el caso del demandante y deberá ser considerada en el sentido más favorable para él, y lo que la prueba tiende a mostrar debe ser tenido como probado. Esta bien conocida regla con frecuencia ha sido enunciada y aplicada por este tribunal."

*Cummings* v. *H. & L. S. & R. Co.,* 26 Mont., 441.

No es necesario que examinemos el segundo y tercer motivos del recurso, pues los errores comprendidos en esos motivos, háyanse cometido o no, no habrían de influir en el resultado del presente recurso en el cual propiamente se trata de resolver si la corte inferior cometió o no error al desestimar la demanda por falta de prueba que sostenga sus alegaciones.

La prueba aportada al juicio es bastante para denegar la moción de *non suit,* y por tanto procede la revocación de la sentencia apelada, continuándose el juicio con arreglo a derecho.

> *Revocada la sentencia apelada; desestimada la moción de* non-suit *y ordenándose continúe el juicio con arreglo a derecho.*

Jueces concurrentes: Sres. Asociados Wolf, del Toro, Aldrey y Hutchison.