## EL PUEBLO, DEMANDANTE Y APELADO, v. THE SOUTH ATLANTIC FRUIT CO., ACUSADA Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de San Juan, Sección Segunda, en causa por delito de infracción al artículo 353 del Código Político.

No. 1144.—Resuelto en julio 24, 1917.

CORPORACIONES—NEGOCIOS—LICENCIA PARA HACERLOS—DERECHOS DE LICENCIA—ACUSACIÓN.—Toda la teoría del artículo 353 del Código Político consiste en hacer negocios en Puerto Rico, y, por tanto, una acusación que sólo alega que una corporación dejó de pagar al Tesorero el derecho anual de licencia para un determinado año fiscal sin alegar que estaba haciendo negocios en Puerto Rico durante el año, no le imputa delito alguno.

ID.—ID.—RENTAS—PASTOREO DE GANADO.—La mera recepción de rentas por una corporación por dejar pastar ganado, no constituye hacer negocios en Puerto Rico, a menos que se demuestre antes que el pastoreo de animales era uno de los objetos de los negocios particulares de la corporación.

ID.—AGENTES.—La mera declaración no corroborada de una persona de que él es el agente de una corporación, no es suficiente para obligar a ésta, especialmente en una causa criminal.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Oscar B. Frazer.*

Abogado del apelado: *Sr. Salvador Mestre, Fiscal.*

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.

La acusación imputa una infracción al párrafo 3 del artículo 353 del Código Político en relación con los párrafos 2, 4 y 6 del mismo artículo, alegando en sustancia, que The South Atlantic Fruit Company, a la que le fué concedida por el Tesorero de Puerto Rico una licencia para la transacción de negocios en dicha isla, voluntaria y maliciosamente y sin excusa legal alguna, dejó de pagar al Tesorero de Puerto Rico la suma de veinte y cinco dollars que adeudaba por el año fiscal de 1915–1916 como requisito indispensable para poder hacer negocios en Puerto Rico. No se alega que la demandada o acusada estaba haciendo negocios en la isla durante el año fiscal de 1915–1916, ni que siquiera intentaba o se proponía o pensaba en hacer negocios durante ese año.

La acusada hizo su alegación de no culpable, se le celebró juicio y fué convicta del delito imputádole, después de lo cual estableció el presente recurso de apelación. Los párrafos pertinentes de la ley son los que siguen:

"Artículo 353 (según quedó enmendado por la Ley de 10 de marzo de 1904, pág. 166).—(Párrafo 1.) Toda corporación, compañía anónima de acciones o compañía limitada o asociación ya organizada y constituída o incorporada bajo las Leyes de Puerto Rico, y toda asociación, corporación o compañía de éstas, que de ahora en adelante se estableciese con carta constitucional o fuese incorporada en Puerto Rico, antes de proceder a la transacción de negocios depositará, en la oficina del Tesorero de Puerto Rico, una copia auténtica de su carta constitucional o artículos de incorporación, acompañada de una relación, corroborada con el juramento del presidente de dicha corporación y certificada por una mayoria de sus administradores o junta directiva, consignando el nombre o título de dicha corporación, su domicilio, los negocios de que se ocupa, las sucursales que hayan sido establecidas y el registro comercial en el cual hayan sido registrados sus artículos de asociación o incorporación.

(Párrafo 2), (según quedó enmendado por la Ley No. 11 de mayo 6 de 1913, pág. 56). "Será ilegal para toda corporación, compañía anónima de acciones o asociación que no esté organizada bajo las Leyes de Puerto Rico, excepto las asociaciones que no tengan por objeto un beneficio pecuniario, que proceda a hacer negocios, hasta que dicha corporación, compañía o asociación no haya obtenido del Tesorero de Puerto Rico una licencia formal para la transacción de negocios en dicha isla; y no se expedirá semejante licencia por dicho Tesorero hasta que la corporación, compañía o asociación no haya satisfecho, en concepto de derecho de patente o de licencia la cantidad que se indica más adelante y no haya depositado en la oficina de dicho Tesorero una certificación bajo sello por el Secretario de Puerto Rico, probando que ha depositado en la oficina del Secretario una copia auténtica de su carta constitutiva y la declaración y certificado de consentimiento requeridos por la ley; *Disponiéndose*, que una corporación extranjera sólo podrá hacer aquellos negocios o tener aquellos poderes que una corporación doméstica de naturaleza análoga haga y tenga en Puerto Rico, y en la extensión en que se autorice a esta última por las leyes locales; y la licencia que el Tesorero de Puerto Rico expidiere hará constar

esta restricción en su contexto; *Y disponiéndose, además,* que será el deber del Tesorero de Puerto Rico dar cuenta al Attorney General, para la acción consiguiente de acuerdo con las disposiciones de la sección 40 de la Ley de Corporaciones Privadas, de cualquier corporación extranjera que estuviere haciendo negocios en Puerto Rico sin haber cumplido los requisitos que las leyes locales prescriben y sin haber obtenido la licencia.  Para ese fin, el Tesorero tomará la acción que fuere necesaria para obtener informes en todo caso en que alguna corporación extranjera estuviere haciendo negocios en esta isla, sin la autorización legal para ello.

(Párrafo 3.)   "Será obligación de tales corporaciones, compañías o asociaciones renovar sus licencias anualmente el o antes del día primero de julio de cada año a contar del día primero de julio de mil novecientos uno; pero dicha renovación no será expedida por el Tesorero hasta que las citadas compañías, corporaciones o asociaciones no hayan pagado respectivamente los derechos de patente o licencia que más adelante se estipulan.

(Párrafo 4.)   "Por la expedición y renovación de toda licencia, con arreglo a las prescripciones de este artículo, se pagará la suma de veinte y cinco dollars al Tesorero de Puerto Rico.

&ast;  &ast;  &ast;  &ast;  &ast;  &ast;  &ast;

(Párrafo 6.)   "El Tesorero dará cuenta de todas las infracciones de este artículo al Fiscal de la corte respectiva, quien procederá inmediatamente a perseguir la corporación, compañía, asociación, empleado o agente que infrinja las mismas y al ser convictos de ello, dicha compañía, sus empleados o agentes pagarán a El Pueblo de Puerto Rico la suma de cuatrocientos dollars por cualquiera infracción semejante."

Es probablemente de mérito el argumento de la apelante de que el artículo precedente ha sido derogado por la sección 40 de la Ley de Corporaciones, según fué enmendada por la ley de abril 13, de 1916, página 84, que dice:

(Artículo 40.)—"Cualquier compañía por acciones o corporación extranjera que haga negocios en esta isla, sin antes haber cumplido con los requisitos exigidos en este Capítulo, y los representantes personales de la misma en Puerto Rico, incurrirán en delito menos grave (*misdemeanor*), y se les castigará con una multa que no bajará de veinte y cinco dólares por cada día que dicha compañía por acciones o corporaciones extranjeras o sus representantes personales hayan dejado pasar sin cumplir con dichos requisitos.

"El Attorney General verá de que las disposiciones de este artículo sean cumplidas en todas sus partes y hará que las multas cobradas ingresen en el Tesoro Insular."

Las partes han discutido el punto más bien sumariamente y no nos satisface, nominalmente al menos, para revocar el caso por este fundamento. No se ha citado autoridad alguna que sostenga el punto de que un estatuto penal caracteriza un delito ora como *felony* ora como *misdemeanor*. La apelante menciona la necesidad de tal caracterización para sostener que el párrafo 3º. del artículo 353 del Código Político no prescribe delito alguno, y que en caso contrario, dicho párrafo está derogado por la sección 40 de la Ley de Corporaciones Privadas. No se ha discutido ampliamente por el fiscal la cuestión de si estos dos estatutos penan el mismo delito. El alega que la convicción perseguida no es por hacer negocios sin licencia, sino por dejar de sacar una licencia para hacer negocios, diferencia sutilísima por cierto.

La apelante alega que no puede condenársele sin que se haya alegado y probado que estaba haciendo negocios sin licencia para ello. A simple vista el párrafo 3º. del artículo 353 del Código Político le exige a las corporaciones renovar sus licencias año por año. Tomado literalmente parecería que quiere decir que toda corporación debe renovar su licencia año por año, no importa haya seguido o no haciendo negocios en la isla. O lo que es lo mismo, que una corporación una vez autorizada para hacer negocios en Puerto Rico está obligada a pagar veinte y cinco dollars al año, indefinidamente.

Convenimos con la corporación apelante que toda la teoría del artículo 353, antes citado, consiste en hacer negocios en Puerto Rico; más particularmente creemos que las palabras "tales corporaciones" del párrafo 3º., *supra,* se refieren a las corporaciones que hacen negocios en la isla. Estamos conformes con la apelante en que la acusación no imputa delito alguno.

También convenimos con la compañía apelante en que la mera recepción de rentas por dejar pastar el ganado no

constituye hacer negocios en la Isla, a menos que se demuestre antes, que el pastoreo de animales era uno de los objetos de los negocios particulares de la corporación acusada.

Nos inclinamos también a creer que el Gobierno ha dejado de probar que The South Atlantic Fruit Company estaba haciendo negocios de naturaleza alguna.   En una finca particular se le permitió pastar a un ganado a un tanto por cabeza y el Sr. W. F. Draper, presunto agente de la compañía admitió ese hecho.   Pero su carácter de agente no fué probado.   Su mera declaración respecto a su condición de agente no es suficiente para obligar a la demandada, especialmente en una causa criminal.   De los artículos de incorporación aparece no que Draper, sino que una otra persona, era la que estaba autorizada para recibir notificaciones de procedimientos judiciales.

Las partes discutieron otras cuestiones que no hay necesidad de considerar.

La sentencia debe ser revocada y absuelta la acusada.

> *Revocada la sentencia apelada y absuelta la acusada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados del Toro, Aldrey y Hutchison.