Andrés Quintana Reyes, demandante y apelante, *v.* Mark Lejeune, demandado y apelado.

No. 4027.—*Visto:* Abril 22, 1927. *Resuelto:* Febrero 14, 1928.

1. Evidencia—Peso y Suficiencia—Del Peso de la Prueba en General—Número de Testigos.—Una corte tiene derecho a creer la sola declaración de una parte contra las deposiciones prestadas por los testigos de la otra, especialmente cuando aquélla hace una relación clara de sus actuaciones y no hay contradicción entre su declaración y las deposiciones de que se trata.

2. Principal y Agente—De la Relación—Prueba de la Agencia—Su Suficiencia—En General.—El que una persona haya honrado en otras ocasiones giros librados por otra, no prueba en absoluto que ésta fuera un agente general de aquélla o que tuviera poder para representarla.

3. Principal y Agente—De la Relación—Prueba de la Agencia—Manifestaciones del Propio Agente.—Las declaraciones de un supuesto agente son insuficientes para probar la existencia de una agencia y menos cuando aquéllas son de referencia.

4. Testigos—Credibilidad, Impugnación, Contradicción y Corroboración—Interés y Prejuicio de los Testigos—Interés del Demandante o Demandado en la Acción.—Cuando un demandante hace al demandado su propio testigo, si bien esto no impide al primero demostrar que los hechos son distintos a como los expone el segundo, o que en la silla de testigos éste es poco digno de crédito o que, por otros testigos, su declaración no es digna de crédito, dicho demandante está impedido, sin embargo, de atacarle por razón de su interés en la acción.

5. Letras y Pagarés—Acciones—Derecho o Causa de Acción—Título para Sostener la Acción—Cesionarios para el Sólo Fin de Cobro.—Cuando se prueba que una parte a quien, para su cobro, se le traspasa el derecho, título o interés que otra pueda tener en un giro, no dió nada para la cesión, dicho cesionario nunca adquiere derecho, título o interés para entablar la acción de cobro.

Sentencia de *Charles E. Foote,* J. (Mayagüez), declarando sin lugar la demanda, con costas. *Confirmada.*

*E. Rincón Plumey,* y *L. Muñoz Morales,* abogados del apelante; *Benet & Souffront,* abogados del apelado.

El Juez Asociado Señor Wolf, emitió la opinión del tribunal.

En un pleito sobre cobro de dinero presentado contra Mark Lejeune ante la Corte de Distrito de Mayagüez, ésta hizo las siguientes conclusiones de hecho:

"1.—Que José G. Rivera Olan allá por el mes de noviembre del año 1923 compró mercancías de la Curacao Trading Company y expidió un giro por el importe de las mismas, o sea, por $3,704.12, contra el demandado Mark Lejeune.

"2.—Que dicho giro no fué aceptado por dicho demandado al serle presentado para su pago.

"3.—Que en fechas anteriores durante los años 1922 y 1923, José G. Rivera Olan había expedido algunos giros contra el señor Lejeune que fueron pagados por éste.

"4.—Que el demandado Mark Lejeune, allá por el mes de enero del año 1922 había autorizado por carta al señor José G. Rivera Olan para que lo representara en el arreglo de dos goletas de su propiedad, la cual obra era efectuada por la Curacao Trading Company.

"5.—Que en el mes de mayo del año 1923 el demandado Mark Lejeune otorgó poder especial por escritura pública ante el notario don Angel A. Vázquez a favor de José G. Rivera Olan autorizando a éste exclusivamente para la venta de dos goletas de su propiedad.

"6.—Que la Curacao Trading Company traspasó por documentos públicos a favor del demandante Andrés Quintana Reyes, el derecho, título e interés que pudiera tener en el giro que por la suma de $3,704.12 libró Rivera Olan contra el demandado Lejeune, con el fin de que el demandante cobrase el mismo por la vía judicial o amistosa, debiendo recibir la Curacao Trading Company el cincuenta por ciento (50%) de lo que se obtuviese.

"7.—Que los giros que habían sido librados anteriormente por el señor Rivera Olan contra el señor Lejeune a favor de la Curacao Trading Company no tenían relación alguna con negociación alguna efectuada por el demandado Mark Lejeune y la Curacao Trading Company y que el señor Lejeune al pagar dichos giros lo hizo por tener fondos en dichas fechas en su poder, pertenecientes al señor Rivera Olan, procedentes de otras negociaciones.

"8.—Que el señor Mark Lejeune no autorizó al señor José G. Rivera Olan en ningún tiempo a comprar mercancías para dicho demandado ni a librar en pago de las mismas giro alguno contra él.

"9.—Que la Curacao Trading Company en ningún tiempo estuvo justificada en creer que la compra de mercancías o negociaciones hechas por Rivera Olan, con excepción de la venta y reparación de las goletas propiedad de Lejeune, las hiciera éste bajo la autorización, por orden y para beneficio del señor Lejeune, quien nunca reconoció ni autorizó por escrito ni verbalmente ni ratificó en forma alguna dichas negociaciones.

"10.—Que el demandado Mark Lejeune nunca recibió mercadería alguna procedente de la negociación alegada en la demanda."

La corte hizo varias conclusiones de derecho, todas las

cuales no consideramos necesario discutir, ya que resolvemos que las anteriores conclusiones de hecho resuelven la demanda, la que se fundó en la teoría de que existía una agencia a favor de José Rivera Olan. No vemos motivo para dudar en forma substancial dichas conclusiones.

[1, 2] El apelante ataca estas conclusiones, pero hallamos que tal ataque es insostenible. Dice él que la corte no tenía derecho a creer la sola declaración del demandado contra las deposiciones prestadas por los testigos del demandante.

En primer lugar el demandado compareció ante la corte, hizo una relación clara de sus actuaciones y la corte tenía derecho a creerle.

En segundo lugar no hubo una verdadera contradicción entre la declaración verbal de Lejeune y las varias deposiciones tomadas por el demandante en este caso. Estas deposiciones en lo pertinente a la cuestión en controversia se limitaban a decir que Rivera Olan compró por cuenta de Lejeune y que en otras ocasiones este último había honrado giros librados por Rivera Olan. El hecho de que Lejeune en otras ocasiones hubiese honrado giros librados por Rivera Olan no prueba en absoluto que Rivera Olan fuera un agente general de Lejeune o que tuviera poder para representarlo en ésta o en otras transacciones. Ni la carta que se transcribe en los autos ni el poder concedido anteriormente por Lejeune tienden a probar tal agencia general o especial. Aun sin tomar en consideración la declaración prestada por Lejeune, no hubo prueba suficiente de una agencia general o especial. Las declaraciones del supuesto agente además de ser de referencia eran insuficientes para probar la existencia de una agencia. Los autos tienden a demostrar que no había tal agencia. Artículos 1612, 1615, 1616 y 1617 del Código Civil.

[4] En cuarto lugar no hay el más ligero indicio de que Lejeune se beneficiara en algo, ni el más remoto acto de ratificación. Artículo 1629 del Código Civil. *¿Cui prodest?*

Esta es una pregunta que fué contestada por la corte inferior.

[5] En quinto lugar el demandante presentó a Lejeune como su propio testigo. Ahora bien, aunque esta acción por parte del demandante no le impediría que demostrara que los hechos eran distintos a como los exponía Lejeune, o aunque Lejeune en la silla testifical demostrara ser poco digno de crédito, o que según otros testigos su declaración fuera increíble, sin embargo, cuando el demandante presentó a Lejeune como su propio testigo, estaba impedido de atacarle por el mero fundamento de que éste era parte interesada. Una persona no puede presentar un testigo ante la corte, que él tiene razón para creer puede serle adverso, y luego sin motivo alguno que aparezca de los autos, atacarlo por ser poco digno de crédito.

[6] La corte también resolvió que la cesión hecha por la Curacao Trading Company al demandante era contraria al orden público (*void for champerty*), y que por tanto, era nula. Tal vez la corte estuvo en lo cierto pero preferimos resolver que el demandante nunca adquirió derecho, título o interés alguno para entablar este pleito. El único nexo jurídico existente entre él y Lejeune fué la cesión para cobrar la letra de cambio. Nada dió el demandante en pago de esta cesión. La prueba tiende a demostrar que la causa de acción, de existir, permaneció en la Curacao Trading Company, la que en todo tiempo podía alegar la existencia de un *nudum pactum* contra el demandante. No medió causa (*consideration*) alguna entre el demandante y la Curacao Trading Company. Sin insistir en ello demasiado, podríamos decir que la demanda misma indica esto cuando en ella se alega en su segundo párrafo: "Que el demandado es en deber a The Curacao Trading Company." Esta aserción hecha, probablemente por inadvertencia y contradicha posteriormente en la misma demanda, era un reflejo exacto de la verdad.

*Debe confirmarse la sentencia apelada.*
El Juez Asociado Señor Texidor no intervino.