PASCASIO FAJARDO MARTÍNEZ, demandante y apelante, *v.* LA MERCANTIL SCHLÜTER & CO., SUCR., representada por su socio E. F. SCHLÜTER, demandada y apelada.

No. 5282.—*Sometido:* Febrero 6, 1931. *Resuelto:* Marzo 28, 1932.

*Genaro Altieri*, abogado del apelante; *E. Campos del Toro*, abogado del apelado.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

El demandante trató de demostrar la existencia de una relación de principal y agente entre Américo Rodríguez y Ernesto Fernando Schlüter, haciendo negocios como Schlüter & Co., Sucr., por la venta de contadores de agua marca "Niágara" al municipio de Mayagüez, e igualmente trató de demostrar que Américo Rodríguez estaba autorizado por dicho Schlüter a nombrar a Pascasio Fajardo, el aquí demandante, como abogado de la ameritada demandada. La Corte de Distrito de San Juan declaró sin lugar la demanda.

[1, 2] Convenimos con el apelante en que la corte de distrito estaba equivocada al resolver que la declaración de un agente no es por sí sola suficiente prueba de la agencia. *El Pueblo* v. *South Atlantic Fruit Co.*, 25 D.P.R. 665, y *Quintana Reyes* v. *Lejeune*, 37 D.P.R. 733, no resuelven tal cosa. En *Cayuga* v. *Crédito y Ahorro Ponceño*, 41 D.P.R. 457, tuvimos ocasión de corregir un error relativo a la misma cuestión. En otras palabras, la regla es que las declaraciones hechas a otras personas no son admisibles, pero que el testimonio del agente mismo podría tender a probar la agencia. Estas cuestiones fueron tratadas bajo los señalamientos de error 5 y 6.

La Corte de Distrito de San Juan entró en un análisis de la prueba, y el error, de haberse cometido, resultaría inofensivo.

Las declaración de Rodríguez tendió a revelar que se creó una agencia, mas el testimonio de Schlüter tendió enteramente a contradecir la existencia de dicha agencia. La prueba documental del demandante no fué suficiente para contrapesar el balance así creado. Podemos fácilmente en-

tender cómo Rodríguez pudo haber tenido la idea de que él representaría a Schlüter, con motivo de haber celebrado un número de entrevistas con este último y de que éste realmente habló a Rodríguez sobre la venta de contadores de agua y celebró un convenio con él para tal venta. Sin embargo, lo que Rodríguez principalmente hizo fué tratar de anular la adjudicación de una subasta hecha por el municipio de Mayagüez. La prueba tendió a demostrar que Rodríguez y Schlüter hablaron acerca de la anulación de dicha adjudicación. La tentativa de anular la adjudicación en Mayagüez fué hecha a nombre de Rodríguez, y conforme hemos dicho, Schlüter negó rotundamente que al tratar de anular la subasta Rodríguez fuera su agente. Aunque si éste fuera un caso de primera impresión podríamos tener alguna duda, el demandante no nos convence de que la resolución de la corte de distrito estuviera equivocada a este respecto. Esto decide el primer señalamiento de error y por sí sólo sería suficiente para resolver el caso.

El segundo señalamiento de error es que la corte se equivocó al decir que Américo Rodríguez no tenía autoridad para designar un abogado. Sobre este punto tenemos muy poca duda a juzgar por la prueba de que Pascasio Fajardo dejó de cumplir con el deber impuéstole de demostrar que Schlüter autorizó a Rodríguez para designar un abogado. La evidencia a este respecto es bastante convincente. Sobre este punto la declaración de Schlüter está algo corroborada por la de sus dos abogados, Campos del Toro y Francis. La verdadera anulación de la subasta se efectuó en San Juan, aparentemente a virtud de los esfuerzos realizados por Campos del Toro ante el Comisionado del Interior. El Sr. Francis fué finalmente a Mayagüez, conforme él y Schlüter declaran, para ayudar a Rodríguez, pero se hallaron con que Rodríguez ya había designado al demandante. Uno de los argumentos de la demandada es que habiendo designado dos letrados que estaban permanentemente a su disposición no había necesidad para que ella nombrara un tercer letrado.

Fácilmente podemos entender que la correspondencia total entre las partes fué sometida a Fajardo y éste pudo haberse forjado la idea de que Rodríguez tenía tal autorización, pero en realidad él debió haber confirmado esta idea. Creemos que él trató de hacerlo así, pero que no halló al Sr. Schlüter. No tenemos duda de que aun suponiendo que en realidad existiera una agencia para la venta de los contadores o para la anulación de la subasta, no obstante, la autorización de Rodríguez para nombrar un abogado no fué probada suficientemente. Esto resuelve los señalamientos de error 2 y 3.

El cuarto señalamiento de error alega que Schlüter ratificó el nombramiento de Pascasio Fajardo como abogado. No hallamos la prueba de ratificación suficientemente fuerte. En realidad hubo una carta fechada septiembre 8 de 1926 en la cual Schlüter felicitó a Rodríguez por haber ''nuestro abogado'' obtenido la anulación de la subasta. No obstante Schlüter explicó que esto se refería a Campos del Toro.

El sexto señalamiento de error se refiere a la actuación de la corte al decir que el caso de *López* v. *Sánchez*, 22 D.P.R. 558, no tenía aplicación en el presente caso. Convenimos con la apelada en que no la tiene. Ese caso fué resuelto a virtud de una moción de *nonsuit* y esta corte resolvió que la prueba era suficiente para sostener la demanda.

No se cometió error alguno al permitir que la demandada explicara la carta de septiembre 8 de 1926. Esto no es prueba oral para variar los términos de un contrato, y además el uso de las palabras ''nuestro abogado'' fué suficientemente vago. En la carta no se mencionaba a Pascasio Fajardo y el demandante mismo tuvo que hacer la relación existente entre él y el letrado mencionado en la carta.

*No hallamos error alguno y la sentencia debe ser confirmada.*