EL PUEBLO DE PUERTO RICO, demandante apelado, *v.* COMPAÑIA INSULAR DE TRANSPORTE, INC., acusada apelante.

No. 4938.—*Sometido:* Enero 27, 1933. *Resuelto:* Abril 27, 1934.

*Juan B. Soto,* abogado de la apelante; *R. A. Gómez, Fiscal,* abogado de El Pueblo, apelado.

EL JUEZ ASOCIADO SEÑOR ALDREY, emitió la opinión del tribunal.

La Compañía Insular de Transporte, Inc., apela de la sentencia que la condena en este caso a pagar una multa por haber transportado en uno de sus camiones (*truck*) más carga de la que estaba autorizada a llevar por las carreteras de la Isla.

Los motivos que alega para su apelación son los siguientes: que la corte inferior cometió manifiesto error al apreciar la prueba; al admitir como evidencia determinado documento

y al dictar sentencia contra la acusada. El último de ellos no lo discute la apelante porque lo considera una consecuencia de los otros dos.

La apelante funda su primer motivo de error en que la declaración del *chauffeur* del *truck* es inadmisible para probar la relación de principal y agente; pero en los casos de *Cayuga* v. *Crédito y Ahorro Ponceño*, 41 D.P.R. 457, y de *Fajardo* v. *Schlüter & Co., Sucr.*, 43 D.P.R. 276, resolvimos que la agencia puede probarse por el testimonio en juicio del agente; regla de evidencia que también es aplicable en lo criminal.

El segundo motivo del recurso carece de importancia porque aunque no hubiera sido admisible como evidencia el documento llamado "conduce" a que se refiere, del que aparece que el *chauffeur* Rafael Meléndez recibió los sacos de azúcar que en él se especifican entregados por la Central Los Caños, de Arecibo, a la apelante para su conducción a San Juan en el *truck* mencionado en la acusación y con el peso que determina, siempre resulta que esos mismos hechos fueron declarados en el juicio por dicho *chauffeur*.

No existiendo los expresados motivos de error, cae por su base el tercero y *la sentencia apelada debe ser confirmada.*