J. S. Waterman & Co., Inc., demandante y apelada, *v.* Méndez Hnos. & Co., compuesta de los socios J. M. Méndez y John Doe, demandada y apelante.

No. 5219.—*Sometido:* Noviembre 19, 1930. *Resuelto:* Mayo 20, 1931.

*González Fagundo & González, Jr.,* abogados de los apelantes; *Besosa & Besosa,* abogados de la apelada.

El Juez Asociado Señor Texidor, emitió la opinión del tribunal.

Ante la Corte de Distrito de Humacao, demandó J. S. Waterman & Co., Inc., a Méndez Hermanos y Co., sociedad mercantil, alegando, entre otros hechos, que para el 13 de febrero de 1927, la demandante y la demandada habían celebrado un contrato, que se copia en la demanda, para la venta por la demandante a la demandada, de 500 *pockets* de arroz, tipo No. 252, c.i.f. San Juan, embarque de 250 *pockets* en enero 27, y otros 250 en primer vapor en febrero, consignándose que las ventas quedan sujetas al contrato para Puerto Rico de la Rice Miller Association, que la mercancía corre por cuenta y riesgo del comprador desde su entrega a la primera compañía de trasporte o de vapores, y otros extremos; y copiándose asimismo las condiciones del dicho contrato de la Rice Miller Association, entre las que aparece la de que el comprador tendrá el derecho de inspeccionar la mercancía a su llegada, dentro de los tres días laborables siguientes a la descarga de la mercancía del vapor, siendo la omisión de tal inspección en dicho término causa de pérdida del derecho a queja; y la de que en caso de diferencia surgida de esa inspección, se someterá al arbitraje de la Cámara de Comercio de Puerto Rico. Se alegó que "el citado arroz, de acuerdo con el contrato mencionado, de compra-venta, fué embarcado en la siguiente forma: 250 *pockets* en enero 27, 1927, por el vapor 'Ozama', y 250 *pockets* en febrero 4, 1927, por el vapor 'Isabela' "; que la demandante, de acuerdo con el contrato giró contra la demandada, en dos giros que se copian, los que fueron presentados a la demandada quien, sin causa alguna, se negó a pagarlos; que sometido el caso a arbitraje, la Cámara de Comercio lo resolvió a favor de la demandante, y la demandada se niega a cumplir el fallo.

La demandada excepcionó la demanda por falta de hechos suficientes; y la excepción fué declarada sin lugar. La demandada contestó, alegando en esencia que el arroz

que había enviado la demandante era impropio para el consumo humano, para lo que había sido comprado, por lo que la demandada no lo aceptó, y se negó a su pago.

Se oyó el caso por la corte, y ésta dictó sentencia en favor de la demandante.

En la apelación, interpuesta por la parte demandada, se señala como error el haberse resuelto la excepción previa en contra de la demandada.

En realidad, el hecho de copiarse en la demanda el contrato original y las condiciones de la Rice Miller Association, no es por sí bastante para la alegación necesaria en el caso.

En el contrato se dice que la mercancía corre de cuenta y riesgo del comprador desde que se entregue a la primera compañía de trasporte o de vapores. No discutiremos ahora, por innecesario, si esa fórmula cubre la entrega presunta al comprador, ya que es bastante oscuro. Pero, sentando que la entrega queda cubierta así, encontramos que la demandante alega la sujeción de su contrato a las condiciones de la Rice Miller Association, y entre éstas se halla la de que el comprador tiene tres días, después de descargada la mercancía, para inspeccionar ésta y quejarse. Cualquiera que fuera el efecto de la cláusula impresa de que la mercancía corre de cuenta y riesgo del comprador desde la entrega a la compañía de trasporte, no es dudoso que tal efecto queda limitado en gran manera por la cláusula que permite la inspección, con la reclamación consiguiente. Si hay este derecho, no es bastante alegar que el arroz fué embarcado en tal o cual fecha, sino que sería preciso alegar que llegó, que el comprador lo tuvo a su disposición para inspeccionarlo, que lo hizo y no se quejó o que dejó de hacerlo en el término de tres días después de descargada del vapor la mercancía. Si en la demanda no se hace alegación alguna en cuanto a esos particulares, no hay hechos suficientes para determinar causa de acción.

La excepción previa fué erróneamente resuelta.

*Debe revocarse la sentencia apelada devolviéndose el caso a la corte de distrito para ulteriores procedimientos.*