J. S. WATERMAN & Co., INC., demandante y apelada, *v.* MÉNDEZ HNOS. & Co., compuesta de los socios J. M. MÉNDEZ y JOHN DOE, demandada y apelante.

No. 5219.—*Sometido:* Enero 22, 1932. *Resuelto:* Enero 11, 1933.

352

*González Fagundo & González Jr.*, abogados de la apelante; *Besosa & Besosa*, abogados de la apelada.

El Juez Asociado Señor Hutchison, emitió la opinión del tribunal.

La corte de distrito declaró sin lugar una excepción previa interpuesta a la demanda, fundada en que ésta no aducía hechos suficientes para determinar una causa de acción. Luego, después de un juicio sobre los méritos, la demandante obtuvo sentencia contra la demandada. Esa sentencia fué revocada en el caso de *Waterman & Co., Inc.*, v. *Méndez Hnos. & Co.*, 42 D.P.R. 302. Posteriormente, a virtud de una moción de reconsideración, se dejó sin efecto la sentencia de esta corte y el caso fué oído de nuevo.

██ Como una de las condiciones del contrato, la demandante alegaba que si después de examinado el arroz al hacerse la entrega del mismo, la compradora tenía alguna objeción que hacer, debía inmediatamente notificar al agente de la vendedora, y en caso de que no se llegase a un acuerdo, la cuestión debería ser sometida a arbitraje, caso en el cual dentro del término de cinco días, contado a partir de la entrega, la compradora presentaría al secretario de la Cámara Local de Comercio un escrito solicitando tal arbitraje. La demandante también alegó que la demandada le había informado cierta diferencia existente en el arroz embarcado y la demandante, de conformidad con el contrato, informó a la demandada que estaba dispuesta a someter la controversia a arbitraje ante la Cámara de Comercio de San Juan. En la demanda entonces se alegan los hechos relativos al arbitraje sucesivo y su resultado. De esas alegaciones es lógico presumir que el arroz llegó a su destino; que la compradora tuvo oportunidad de examinarlo; y que la compradora lo examinó antes de negarse a aceptar los giros por el precio del mismo y a someter el asunto a arbitraje. Eso también se desprende de las admisiones y alegaciones contenidas en la contestación. Mediante prueba aducida durante el juicio, la demandada misma estableció fuera de toda duda los hechos especificados en nuestra opinión anterior como que fueron omitidos de la demanda. La demandada no había suscitado ninguna cuestión, ni en la corte de distrito ni en ésta, respecto a la falta de tales hechos.

La excepción de la demandada se basó en el artículo 127 del Código de Enjuiciamiento Civil, que provee lo siguiente:

"Al alegar el cumplimiento de las condiciones establecidas en un contrato, no será necesario exponer los hechos probatorios de dicho cumplimiento, pero podrá manifestarse en términos generales que la parte cumplió debidamente todas las condiciones que le concernían, y si se impugnare dicha alegación, la parte que hizo ésta deberá probar en el juicio los hechos que demuestren dicho cumplimiento."

Este artículo no prescribe una fórmula estereotipada. Tampoco exige la alegación específica de que el demandante ha cumplido todas dichas condiciones ni prohibe que se aleguen hechos que demuestren tal cumplimiento. La apelante insiste en que la demandante debió haber alegado que el arroz fué despachado de conformidad con las cláusulas del contrato y que el arroz así despachado era de la misma calidad que la especificada en el contrato. Este, que se copia íntegramente en la demanda, especificaba 500 *pockets* de arroz, tipo Núm. 252, para ser embarcados 250 *pockets* en 27 de enero y 250 *pockets* por primer vapor en febrero. La demandante alegó que el *citado* arroz fué embarcado *de acuerdo con dicho contrato de venta*, como sigue: 250 *pockets* en enero 27, 1927, por el vapor "Ozama"; y 256 *pockets* en febrero 4, 1927, por el vapor "Isabela." El juez de distrito no cometió error al declarar sin lugar la excepción.

■ Nos inclinamos a convenir con la apelante en que el juez de distrito cometió error al admitir la carta escrita por un testigo dos años antes del día en que se celebraba el juicio. Esta carta había sido utilizada para refrescar la memoria del testigo, un químico. En ella éste rendía un informe respecto al resultado de un examen que había practicado de varias muestras de arroz. Empero, antes de que la carta fuese ofrecida y admitida como prueba, el testigo declaró en relación con el examen del arroz por él practicado y sobre el resultado del mismo. La carta agregó muy poco o nada a lo ya dicho por él en la silla testifical. El error cometido por el juez de distrito al permitir que la demandante ofreciera como prueba esta carta, no es suficiente para justificar la revocación.

La contención de la apelante de que el juez de distrito cometió error al permitir al testigo Marxuach que declarara sobre el contrato acostumbrado de la Rice Millers Association, según se expone y desarrolla en el alegato, no requiere seria consideración.

Lo mismo podría decirse de los señalamientos cuarto, quinto, sexto y séptimo.

■ La contención final de la apelante es que la sentencia es contraria a la prueba y a la ley aplicable al caso. Aquí la apelante se queja de que se ha dejado de seguir el procedimiento indicado por los artículos 327 y 332 del Código de Comercio y 2080 y 2085 del Código de Enjuiciamiento Civil Español. El contrato celebrado por las partes en este caso disponía un arbitraje para ante la Cámara de Comercio. El caso fué sometido primeramente a la Cámara de Comercio y ésta lo resolvió a favor de la demandante. La demandada logró evadir el resultado de esa decisión, fundándose en que el convenio de someter el caso a arbitraje no constaba en escritura pública. Unos dos años antes de celebrarse el juicio y dictarse la sentencia, el arroz había sido vendido y su producido entregado a la demandante. Esto se había hecho de conformidad con un convenio y estipulación entre las partes, y después que el mismo había sido aprobado por la corte. En esa forma, la demandada renunció cualquier derecho que pudiera tener a insistir en que se cumpliera estrictamente con las disposiciones del Código de Comercio y del Código de Enjuiciamiento Civil Español, como motivo para la revocación de la sentencia. De todos modos, la cuestión debió haberse suscitado en la corte inferior y se plantea demasiado tarde al presentarse por primera vez en apelación. No hubo error manifiesto en la apreciación de la prueba.

Se nos ocurre que tal vez el juez de distrito debió haber dictado sentencia por la diferencia existente entre el precio a que se compró el arroz y la suma recibida por la demandante como producido de la venta mencionada en la sentencia. La apelante no plantea esta cuestión y por tal motivo no hemos investigado ese aspecto del caso.

*La sentencia apelada debe ser confirmada.*

El Juez Asociado Señor Córdova Dávila no intervino.