LEÓN, DEMANDANTE Y APELADO, *v.* LEÓN, DEMANDADA Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de Guayama en pleito sobre deslinde.

No. 1589.—Resuelto en julio 18, 1918.

DESLINDE Y AMOJONAMIENTO—PROCEDIMIENTO DE LA LEY DE ENJUICIAMIENTO CIVIL—EN CASO DE PLEITO LA SENTENCIA DEBE FIJAR LA LÍNEA DIVISORIA.— De acuerdo con los artículos 392, 393 y 395 del Código Civil todo propietario tiene derecho a deslindar y cercar su propiedad, hallándose en la Ley de Enjuiciamiento Civil, anterior al Código de Enjuiciamiento Civil vigente, el procedimiento para tal deslinde y amojonamiento cuando hay avenencia entre los colindantes; pero cuando ésta no existe y se acude al tribunal en un pleito con tal fin entonces debe el juez con vista de las pruebas, determinar y fijar en su sentencia por dónde ha de ser tirada la línea divisoria entre las propiedades colindantes.

Los hechos están expresados en la opinión.

Abogados de la apelante: *Sres. Manuel A. Martínez Dávila y José C. Ramos.*

Abogados del apelado: *Sres. Celestino Domínguez Rubio y Francisco Navarro.*

EL JUEZ ASOCIADO SR. ALDREY, emitió la opinión del tribunal.

En la testamentaría de don Marcelino León y Ferrer se hizo una agrupación de fincas formando otra nueva con cabida de 253 y media cuerdas la que fué mensurada y dividida por el Dr. Trelles en tres parcelas, adjudicándose una de 72 cuerdas y cuarto a la hija doña Carmen León y León; otra de igual cabida a su hermana Isabel de iguales apellidos, demandada en este pleito, colindando la primera de esas parcelas por el sur con el lindero norte de doña Isabel, cuya finca a su vez colindó por el sur con la tercera porción de 108 cuerdas 99½ centavos que fué adjudicada a la viuda doña Ana León. Esta señora después segregó de su parcela 68 cuerdas 49 centavos que vendió a su hijo don Francisco León y León, el demandante ahora; 36 cuerdas y media a Julia León y el resto de 4 cuerdas a Valeria López de León.

Francisco León tomó posesión de la porción comprada sin que su madre se la entregara por mensura y habiendo hecho medir su finca algún tiempo después, resultó de la mensura que tenía 15 cuerdas 24 centavos de menos. Hizo medir también con consentimiento de sus hermanas Isabel y Carmen las fincas que les fueron adjudicadas, según hemos dicho, y resultó que la de la primera tenía 9 cuerdas 92 centavos de más y que la de la otra también comprendía mayor cabida: En total catorce cuerdas y centavos de más entre ambas. En vista de esto y de que su hermana Isabel se negaba a que se hiciera una rectificación de la colindancia de su finca con la del demandante de acuerdo con sus títulos y el plano que se hizo cuando la partición para determinar su exacta posición y para fijar un seto vivo o empalizada en el lugar que resulte la línea divisoria, acudió al tribunal de distrito de Guayama, estableciendo pleito sobre fijación de línea divisoria alegando esos hechos y que la línea divisoria con su hermana Isabel existente en la finca está confundida por haber sido des-

truído el lindero por actos voluntarios o fortuitos y pidió
que se ordenara esa rectificación, la colocación de seto u otro
signo de la colindancia y que se declare que le pertenece y
debe serle entregada tal porción de terreno existente al sur
de la línea una vez establecida la divisoria por los puntos
de la mensura que se hizo cuando la finca agrupada fué divi-
dida en tres parcelas.

La demandada excepcionó la demanda fundándose en que
no aducía hechos determinantes de causa de acción, pero
desestimada por la corte esa alegación contestó haciendo una
negación general de la demanda.   Celebrado el juicio recayó
sentencia por la que se decretó la rectificación de la colin-
dancia norte de la finca del demandante en la línea que divide
sus terrenos de los de la demandada; que la rectificación se
haga de acuerdo con los títulos de adquisición y teniendo en
cuenta la cabida que los mismos arrojan; que el sitio por
donde resulte la línea divisoria sea marcado con puntos visi-
bles que puedan ser identificados fácilmente, sin que se en-
tienda que la fijación de esos puntos resolverá cuestiones de
propiedad e impuso las costas y desembolsos a la demandada,
quien interpuso el presente recurso de apelación contra esa
sentencia.

La parte apelante insiste nuevamente en esta apelación
en que la demanda no aduce hechos determinantes de causa
de acción pero nosotros no somos de ese parecer.   Los ar-
tículos 392 y 393 del Código Civil Revisado reconocen a todo
propietario el derecho de deslindar sus fincas con citación de
los dueños de los predios colindantes, de conformidad con
los títulos de cada propietario y a falta de títulos suficientes
por lo que resultare de la posesión en que estuvieren; y el
artículo 395, el de cerrar o cercar sus heredades por medio
de paredes, zanjas, setos vivos o muertos o de cualquier otro
modo, sin perjuicio de las servidumbres constituídas sobre
las mismas.   En la Ley de Enjuiciamiento Civil anterior al
Código de Enjuiciamiento Civil ahora en vigor se halla esta-
blecido el procedimiento para practicar el deslinde judicial

cuando hay avenencia, pero como en este caso la demandada aunque permitió que su finca fuera medida se negó a que se fijara la línea colindante y por tanto a que se marcara surgió para el demandante el derecho de acudir al tribunal para que con vista de las alegaciones y de las pruebas fijase la línea divisoria entre ambas propiedades. Este fué el objeto del pleito cuyo título es sobre fijación de línea divisoria.

Por esto es que opinamos con el apelante que al limitarse la sentencia a decretar que se haga una rectificación de la colindancia entre las dos fincas de acuerdo con los títulos pero sin determinar y fijar, con vista de la prueba que tuvo ante sí por donde ha de ser tirada la línea divisoria, no resolvió la cuestión que se le sometió y que es objeto del pleito. Como no tenemos ante nosotros todos los elementos de prueba presentados al juez de la corte inferior, pues no conocemos el plano que el juez tuvo ante sí, ni se hace de él una descripción en la exposición del caso, debemos devolver el asunto a la corte inferior para que resuelva la cuestión que se le sometió por la demandante.

La sentencia apelada debe ser revocada para ulteriores procedimientos no inconsistentes con esta opinión.

> *Revocada la sentencia apelada y devuelto el caso para ulteriores procedimientos no inconsistentes con la opinión.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Hutchison.