FRONTERA, DEMANDANTE Y APELADO, *v.* RODRÍGUEZ, DEMANDADO Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de Mayagüez en pleito sobre deslinde.

No. 2679.—Resuelto en febrero 5, 1923.

DESLINDE—CAUSA DE ACCIÓN—DEMANDA SUFICIENTE.—Aduce hechos suficientes una demanda en juicio declarativo en la que el demandante alega que es dueño de un predio colindante con el demandado, quien se niega a practicar el deslinde, por lo cual solicita que se ordene éste en conformidad con los títulos de ambos propietarios. Y cuando probadas tales alegaciones el demandado rehusa presentar su título, la sentencia que ordena el deslinde de conformidad con el título del demandante es correcta y debe ser sostenida en apelación. No exigen los artículos 392, 393 y 394 del Código Civil que para que el propietario pueda ejercitar la acción de deslinde deba alegar que los linderos se hallan confundidos o hayan desaparecido ni que el demandado haya usurpado terrenos del demandante.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. A. Vázquez.*

Abogados del apelado: *Sres. Benet & Souffront.*

EL JUEZ ASOCIADO SR. ALDREY, emitió la opinión del tribunal.

Antonio Frontera Rullán demandó en juicio declarativo

a Indalecio Rodríguez alegando ser dueño de una finca de 206 cuerdas 7 céntimos que tiene inscrita en el registro de la propiedad, la que según la descripción que de ella hace colinda por el norte, sur y este con terrenos de Bernard Hermanos, que pertenecen ahora a Indalecio Rodríguez: que esa finca está demarcada según sus títulos anteriores por puntos fijos y rumbos según aparece de la mensura que de ella transcribe en la demanda; y que el demandado se ha negado a los requerimientos que le ha hecho el demandante para que le permita el deslinde de dicha finca y la del demandado en lo que respecta a la colindancia común para establecer la verdadera línea divisoria entre ambas. Por estas alegaciones solicitó del tribunal que de acuerdo con las prescripciones de los artículos 392, 393 y 394 del Código Civil y con vista de los títulos del demandante y del demandado, si lo tuviere y quisiere presentarlo, ordene el deslinde de la finca del demandante y de la finca del demandado en dichas colindancias con objeto de averiguar la extensión y los límites del terreno que corresponde al demandante y que en caso de oposición se condene al demandado al pago de las costas.

El demandado opuso excepción previa a la demanda y la contestó haciendo una negación general de los hechos en ella expuestos y el día del juicio probó el demandante que esa finca está inscrita a su nombre en el registro de la propiedad, habiendo originado su inscripción primera la dación en pago de deuda que con ella hizo en 31 de agosto de 1881 la sociedad Bernard Hermanos, quienes siendo dueños de esos terrenos y de otros contiguos quedaron como colindantes por el norte, sur y este: que en ese título de adjudicación en pago se hizo constar la mensura de la finca de 206 cuerdas 7 céntimos que previamente los contratantes hicieron practicar por un agrimensor, la que es igual a la que se inserta en la demanda: que los terrenos colindantes de Bernard Hermanos pertenecen ahora al demandado: que existe diferencia en la línea divisoria de ambos y que al requerir al deman-

dado para el deslinde quería que se practicara de acuerdo con sus documentos.

Al .terminar el demandante la presentación de su. prueba el. demandado pidió al tribunal que por ser insuficiente declarase sin lugar la demanda y, habiendo sido negada esa petición, se abstuvo de presentar su prueba, recayendo entonces sentencia que ordenó el deslinde de acuerdo con la mensura dicha.

Alega el demandado en este recurso de apelación contra dicha sentencia que para que pueda establecerse la acción de deslinde en juicio declarativo es necesario que se alegue y pruebe que los linderos comunes entre la finca del demandante y del demandado están confundidos o han desaparecido y que por esto el demandado está usurpando terrenos del demandante, y que por falta de tales alegaciones y prueba el tribunal inferior cometió error al no declarar con lugar la excepción previa que opuso a la demanda por no aducir hechos determinantes de causa de acción, al declarar sin lugar su petición de sentencia contra el demandante por insuficiencia de su prueba y que se excedió en el pronunciamiento de su sentencia.

Los artículos del Código Civil invocados en la demanda, que son los tres que integran el capítulo tercero sobre deslinde y amojonamiento del título segundo, libro segundo, dicen así:

"Art. 392.—Todo propietario tiene derecho a pedir el deslinde de su propiedad, con citación de los dueños de los predios colindantes.

"La misma facultad corresponderá a los que tengan derechos reales.

"Art. 393.—El deslinde será en conformidad con los títulos de cada propietario, y a falta de títulos suficientes, por lo que resultare de la posesión en que estuvieran los colindantes.

"Art. 394.—Si los títulos no determinasen el límite o área perteneciente a cada propietario y la cuestión no pudiera resolverse por la posesión o por otro medio de prueba, la parte de terreno que resulte sobrante en el deslinde pertenecerá al Pueblo de Puerto Rico.''

De acuerdo con esos preceptos el propietario tiene derecho al deslinde y amojonamientos de su finca con la condición de citar a los dueños de los predios colindantes y de que se practique en conformidad con los títulos de ambos propietarios, y a falta de títulos suficientes por lo que resultare de la posesión en que estuvieren los colindantes. No se dice en ellos que para que el propietario tenga derecho al deslinde sea necesario que los linderos se hallen confundidos o hayan desaparecido ni que haya usurpación de terreno por el demandado, por lo que no creemos que esas alegaciones sean necesarias y deban ser probadas, porque la ley no lo exige como condición para el ejercicio de esa acción, por lo que entendemos que el dueño tiene derecho al deslinde en todo tiempo y aunque se haya practicado otro deslinde, pudiendo ocurrir que el propietario quiera cerciorarse de la exactitud o error de otro deslinde anterior, aunque no sea esto lo más frecuente en la generalidad de los casos en los que será motivado porque exista confusión de linderos que dan lugar a la intromisión o usurpación de colindantes.

Ese derecho se ejercita, según declaramos en el caso de *León v. León,* 26 D. P. R. 606, como acto de jurisdicción voluntaria de acuerdo con la Ley de Enjuiciamiento Civil, anterior al Código de Enjuiciamiento Civil vigente, mientras algún colindante no se oponga al deslinde pues con respecto a él habrá de ejercitarse la acción en juicio declarativo, según dispone el artículo 2069 de dicha Ley de Enjuiciamiento. Por esto es suficiente alegar, como se alegó en este pleito, que el demandado se opone al deslinde para que la demanda aduzca hechos determinantes de causa de acción, habiéndose probado que quería que se practicara de acuerdo con su título, en contra del precepto de la ley que dispone se haga en conformidad con los de cada propietario.

Si bien en este caso se alegó que existía una mensura de la finca del demandante, se pidió que el deslinde se practi-

case de acuerdo con los títulos del demandante y del deman
dado; pero como este no presentó su título tuvo el tribunal
inferior que ordenar el deslinde de acuerdo con el título que
le presentó el demandante para que pudiera ser efectivo el
derecho que la ley le reconoce como propietario al deslinde
de su finca.

. La sentencia apelada debe ser confirmada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente del Toro y Aso-
ciados Wolf, Hutchison y Franco Soto.