VICENTE ZAYAS PIZARRO, peticionario, *v.* CORTE DE DISTRITO DE PONCE, HON. RAMÓN A. GADEA PICÓ, JUEZ, demandada; SUCESIÓN DE ANTONIO PALMIERI, ETC., interventores.

Núm. 1631.—*Sometido:* Marzo 25, 1946. *Resuelto:* Junio 6, 1946.

*Vicente Zayas Pizarro, pro se;* el Juez recurrido compareció por escrito; *Agustín E. Font* y *José Guillermo Vivas,* abogados de los interventores, demandados en el pleito principal.

El Juez Presidente Señor Travieso emitió la opinión del tribunal.

En su demanda ante la Corte de Distrito de Ponce el aquí recurrente alegó que los linderos comunes entre su finca y otras dos fincas pertenecientes a los demandados estaban confundidos; que creía que los demandados estaban en posesión de terrenos de la finca del demandante; y que los demandados se negaban a practicar un deslinde de las tres fincas. Contestaron los demandados que ellos no se oponían a que se decretase el deslinde "por un agrimensor nombrado de mutua conformidad por ambas partes, y en caso de que los litigantes no pudieren ponerse de acuerdo, por un tercer agrimensor nombrado por la Corte".

La corte inferior dictó sentencia sobre las alegaciones y decretó el deslinde, disponiendo que debería tomarse como base para el mismo el plano y certificación de mensura levantados en abril 8 de 1926, por el ingeniero agrimensor J. Elías Cordero, a solicitud de los demandados, quienes en la indicada fecha eran dueños de la finca que ahora posee el demandante. De conformidad con los términos de dicha sentencia, las partes litigantes radicaron ante el tribunal inferior una moción en la que hicieron constar que "de mutuo acuerdo han designado y nombrado al agrimensor Fred J. Jeffries, vecino de Ponce, Puerto Rico, para que proceda a fijar los puntos de colindancia entre las fincas del demandante y los demandados de acuerdo con el plano y certificación de mensura de fecha 8 de abril de 1926 levantados por el Ingeniero-agrimensor J. Elías Cordero". En septiembre 24 de 1945, la corte *a quo* dictó una orden aprobando el nom-

bramiento hecho por las partes a favor del Sr. Jeffries y autorizando a éste para que procediese a practicar el deslinde de acuerdo con los términos del convenio entre las partes y lo dispuesto en la sentencia.

Practicado el deslinde por el Sr. Jeffries, el demandante sometió a la aprobación de la corte inferior el informe certificado y el plano levantado por dicho agrimensor. Opusiéronse los demandados a la aprobación del deslinde y solicitaron plazo para verificar otra mensura. Se opuso el demandante a que se ordenase una nueva mensura y la corte concedió a la parte demandada "un plazo de 10 días para radicar las objeciones que crea pertinentes".

En enero 25 de 1946, habiendo expirado el plazo concedido por la corte sin que los demandados hubiesen formulado objeciones específicas en contra del deslinde hecho por Jeffries, el demandante solicitó nuevamente la aprobación del mismo. En febrero 4, 1946 la corte inferior declaró sin lugar la moción y ordenó que el agrimensor Jeffries "en unión al nombrado por la parte demandada Sr. Edil M. Rivera, practique una rectificación de lo actuado por el Sr. Jeffries e informen a la corte por escrito dentro del término de décimo día después de notificadas las partes de esta resolución". No estuvo conforme el demandante y acudió a este Tribunal en solicitud de un auto de *certiorari* para la revisión de dicha resolución.

La única cuestión a considerar y resolver es si la corte inferior erró al negarse a aprobar el deslinde practicado de conformidad con lo convenido entre las partes y aprobado por la corte, contra el cual no se había formulado objeción específica alguna que pudiera afectar su validez o corrección, y al ordenar un nuevo deslinde.

En sus Comentarios a los artículos 385 a 387 del Código Civil Español, equivalentes a los 320 a 322 del nuestro (edición de 1930), dice Manresa:

"Los convenios acerca de. las cuestiones entre los colindantes para fijar la línea divisoria con hitos o mojones, o para evitar unas veces y terminar otras las diferencias surgidas sobre sus respectivos derechos, son en su esencia jurídica un contrato, o una verdadera transacción, tal y como define este acto el artículo 1809 del Código. Su validez, las formalidades extrínsecas e intrínsecas del contrato, la capacidad de los contratantes y la manera de suplir o completar esa capacidad, habrán, por tanto, de regirse conforme a los principios aplicables a la transacción de derechos. Y excusado parecerá decir que esos mismos principios han de tenerse en cuenta para los deslindes que se soliciten en acto de jurisdicción voluntaria, puesto que lo en ellos acordado recibe su fuerza del mutuo asentimiento de los interesados, y no de resolución final alguna del juez que interviene en el asunto."

      *        *        *        *        *        *        *

"Por lo expuesto, procede sostener respecto a los deslindes extrajudiciales y a los que se lleven a cabo en la forma establecida por el tít. 15, libro 3, de la ley vigente de Enjuiciamiento Civil: 1°., que su validez y eficacia se regulan por los principios comunes de los contratos, y en su caso por los consignados para las transacciones. en el tít. 13, cap. 1°., libro 4°., Código Civil; 2°., que conforme a lo prescrito en el art. 1293, lo convenido no puede rescindirse por lesión, salvo en los casos terminantemente expresados en los núms. 1° y 2° del art. 1291 del presente Código; . . . . " (Manresa, Tomo 3°., págs. 340 y 341.)

El artículo 1709 del Código Civil, edición de 1930, equivalente al 1809 del Código Español, provee que "la transacción es un contrato por el cual las partes, dando, prometiendo o reteniendo, cada una alguna cosa, evitan la provocación de un pleito o ponen término al que había comenzado." El artículo 1715 del mismo Código de 1930 (art. 1816, Código Español) prescribe que "la transacción tiene para las partes la autoridad de la cosa juzgada"; y el art. 1716 (art. 1817 del Código Civil Español) dispone que "la transacción en que intervenga error, dolo, violencia o falsedad de documentos, está sujeta a lo dispuesto en el artículo 1217 de este Código. Sin embargo, no podrá una de las partes oponer el error de hecho a la otra siempre que ésta se haya. apartado por la transacción de un pleito comenzado".

Examinemos los hechos del caso de autos a la luz de los preceptos legales que acabamos de citar. Entablada la acción de deslinde con el propósito de poner fin a la confusión existente entre los linderos de la finca del demandante y las de los demandados, aviniéronse éstos al deslinde solicitado, proponiendo que el mismo fuese practicado ''por un agrimensor nombrado de mutua conformidad por ambas partes, y en caso de que los litigantes no pudieren ponerse de acuerdo, por un tercer agrimensor nombrado por la Corte''. Aceptada la proposición por el demandante, pusiéronse de acuerdo las partes litigantes y estipularon por escrito que el deslinde sería practicado por el agrimensor Sr. Jeffries, estipulación que recibió la aprobación de la corte. Según aparece del informe del Sr. Jeffries, el deslinde fué practicado por él en presencia de los dueños de las fincas y de sus representantes y tomando como base el plano levantado por el agrimensor Cordero en el año 1926.

El convenio celebrado entre las partes es en efecto un compromiso o transacción por la cual se encomendó a una tercera persona—el agrimensor Sr. Jeffries—la resolución del litigio pendiente. Esa transacción deriva su fuerza y validez del mutuo asentimiento de las partes interesadas ''y no de resolución final alguna del juez que interviene en el asunto''. Habiendo estipulado que el deslinde sería practicado por el Sr. Jeffries, las partes están obligadas a estar y pasar por el informe rendido que dicho agrimensor, a menos que se alegare y probare que el mismo está viciado por dolo o falsedad.

No habiéndose alegado que el deslinde estuviere viciado por dolo o falsedad, opinamos que la corte inferior erró al negarse a impartirle su aprobación y que erró también al ordenar que se practicase una nueva mensura.

*La resolución recurrida debe ser anulada y el caso devuelto a la corte inferior para ulteriores procedimientos no inconsistentes con esta opinión.*