VICENTE ZAYAS PIZARRO, demandante y apelado, *v.* AUTORIDAD DE TIERRAS DE PUERTO RICO, demandada y apelante.

Núm. 10593.—*Sometido:* Agosto 26, 1952. *Resuelto:* Octubre 10, 1952.

*Frank Brunet Calaf,* abogado de la apelante; *Vicente Zayas Pizarro, pro se.*

EL JUEZ ASOCIADO SEÑOR MARRERO emitió la opinión del tribunal.

En la acción de deslinde interpuesta contra la Autoridad de Tierras de Puerto Rico el demandante Vicente Zayas Pizarro alegó, esencialmente, que es dueño en pleno dominio de una finca rústica con cabida de 107½ cuerdas de terreno, situada en el término municipal de Juana Díaz que figura inscrita a su nombre en el Registro de la Propiedad; que la misma linda por el norte y este con terrenos que fueron de El Pueblo de Puerto Rico y que en la actualidad son de la demandada; que los linderos comunes de ambas fincas se encuentran confundidos; que requirió a la demandada para que procediera al deslinde de sus respectivos fundos y ésta se negó a ello, informándole "que lo más conveniente es que sea una corte de justicia la que determine los puntos en cuestión." Negados los hechos fundamentales de la demanda, fué el pleito a juicio y habiendo una y otra parte aducido prueba testifical y documental, el tribunal a quo dictó sentencia declarando con lugar la demanda y ordenando el deslinde interesado.

En apelación se imputa primeramente al tribunal a quo haber errado: (1) al determinar que el deslinde practicado en el 1910 por El Pueblo de Puerto Rico lo fué sin la audiencia ni la conformidad del demandante ni los anteriores dueños de la finca en cuestión; y (2) al ordenar no se tomara en consideración el plano levantado por el Departamento del Interior en el 1910 en el deslinde que decretara y fallar que el mismo sea fijado y trazado tomando como base el título de dominio del demandante, el cual es por una cabida de 107½ cuerdas. No se han cometido esos errores. De los autos surge de manera indubitada que allá para el 20 de octubre de 1916 El Pueblo de Puerto Rico presentó ante la antigua Corte de Distrito de Ponce una demanda de reivin-

dicación contra Juan Aquilino González, en relación con los terrenos que ahora son objeto del deslinde interesado, aunque alegando que el área de la finca era 81.76 cuerdas; que el allí demandado se opuso y después de celebrarse un juicio en sus méritos dicha corte dictó sentencia declarando sin lugar la demanda; que El Pueblo de Puerto Rico apeló para ante este Tribunal y estando el recurso pendiente se aprobó en 30 de noviembre de 1917 la Resolución Conjunta núm. 19,([1]) a virtud de la cual se autorizó al Procurador General de Puerto Rico para que previa investigación del caso transigiera, si lo estimaba conveniente, el pleito que en relación con la finca rústica denominada "Quebrada Grande", del término municipal de Juana Díaz, con cabida de 107½ cuerdas era objeto del litigio instado por El Pueblo de Puerto Rico contra Juan Aquilino González; y que la transacción fué hecha por la suma de $300, según consta de la escritura otorgada en 28 de julio de 1920. También se desprende de los autos que allá para el 5 de diciembre de 1864 la Junta Superior de Terrenos Baldíos concedió a Victoriano González, bajo ciertas condiciones, una finca compuesta de 150 cuerdas de

---

([1]) La Resolución Conjunta núm. 19 se halla a la pág. 701 del Tomo II de las Leyes de 1917 y reza así:

"Transigiendo Un Pleito Que El Pueblo de Puerto Rico Tiene Entablado Ante La Corte de Distrito De Ponce, Contra Juan Aquilino González Respecto A Una Finca Rústica, Y Ordenando Al Comisionado Del Interior y Al Attorney General Formalizar Dicha Transacción.

"Por cuanto, don Juan Aquilino González, alega ser dueño, y se encuentra en posesión de la siguiente finca:

" 'Rústica, predio de terreno radicado en el barrio del Guayabal, lugar denominado 'Quebrada Grande' del término municipal de Juana Díaz, con cabida de ciento siete y media cuerdas, equivalentes a. 42 hectáreas, 25 áreas y 18 centiáreas, en colindancia por el norte, con terrenos de Vicente Cruz; por el sur, con José del Carmen Mercado; por el este, con los de la sucesión de Victoriano González, y por el oeste, con tierras de la sucesión de don Ramón García, y los de doña María Santiago, viuda de Pacheco.' Inscrita a favor de Juan Aquilino González, al folio 104, tomo 33 de Juana Díaz, finca número 1642;'

"Por cuanto, El Pueblo de Puerto Rico alega también ser dueño de la descrita finca, y ha presentado una demanda ante la Corte de Distrito de Ponce contra el don Juan Aquilino González, solicitando la reivindicación de la referida finca;

terreno en el barrio "Guayabal" del indicado municipio; que en 15 de abril de 1898 Juan Aquilino González, hijo de aquél, promovió con éxito un expediente posesorio de 107½ cuerdas de la finca en cuestión; que en 16 de octubre de 1920 esa finca fué adquirida por el aquí demandante y su esposa—parte por adjudicación en pago de honorarios y parte por compra—tramitando el adquirente Zayas Pizarro la conversión de la posesión en inscripción de dominio en 27 de septiembre de 1944, fecha desde la cual figura inscrita la finca con esa cabida a su nombre.

De acuerdo con lo provisto por los artículos 319 y 320 del Código Civil: "Todo propietario tiene derecho a pedir el deslinde de su propiedad, con citación de los dueños de los predios colindantes . . . El deslinde será (sic) en conformidad con los títulos de cada propietario, y a falta de títulos suficientes, por lo que resultare de la posesión en que estuvieren los colindantes." (²) *León* v. *León*, 26 D.P.R. 606, 608. Así pues, a tenor de lo dispuesto de manera taxativa por los referidos preceptos legales Vicente Zayas Pizarro, como propietario según el Registro de la finca en cuestión, tenía un claro derecho a solicitar el deslinde de su propiedad.

"POR CUANTO, sería de conveniencia a los intereses de El Pueblo de Puerto Rico, y una alta sanción a los altos principios de equidad y justicia, el transigir dicho pleito, por plantearse en el mismo cuestiones de hecho y de derecho, que hacen dudoso un buen éxito a favor de El Pueblo de Puerto Rico, y además, revelan consideraciones que los principios de equidad no deben ignorar a favor del poseedor don Juan Aquilino González.

"POR TANTO, Resuélvese por la Asamblea Legislativa de Puerto Rico:

"Sección 1.—El Pueblo de Puerto Rico, por medio de su Asamblea Legislativa, autoriza al Attorney General de Puerto Rico para que, previa investigación del caso, haga una transacción con el señor Juan Aquilino González, si lo estimare conveniente para El Pueblo de Puerto Rico; debiendo el señor Juan Aquilino González satisfacer a El Pueblo de Puerto Rico, con motivo de esta transacción, la suma mínima de doscientos (200) dólares, que se ingresará en el Tesoro Insular, el cual pago deberá verificarse al formalizarse la transacción.

"Sección 2.—Esta Ley empezará a regir noventa días después de su aprobación."

(²) Véase asimismo la Regla 34(*b*) de las de Enjuiciamiento Civil.

Un procedimiento de esta naturaleza se inicia con el propósito de demarcar los límites de fincas contiguas y puede ejercitarse en cualquier tiempo. Artículo 1865 del Código Civil.(3) La sentencia que en el mismo se dicta ni quita ni da derechos. *La O* v. *Rodríguez*, 28 D.P.R. 636, 638. Y no es obstáculo a que se inste tal acción el hecho de haberse intentado y aun practicado otra, siempre que existan nuevas causas para repetir la operación. 77 Jur. Civ. 529, 541; Manresa, Código Civil Español, Vol. 3, ed. 1934, pág. 306; *Frontera* v. *Rodríguez*, 31 D.P.R. 464, 467. En este caso existían. Por tanto, el hecho de que El Pueblo de Puerto Rico hubiera practicado en 1910 un deslinde de la finca en cuestión, —la que para aquel entonces El Pueblo sostenía le pertenecía y en relación con la cual suscribió una escritura de transacción— (4) con o sin la audiencia o conformidad del demandante ni de los anteriores dueños, no es óbice para que en este procedimiento se ordene el deslinde solicitado.

En relación con el plano de los terrenos en disputa levantado en 1910 por el Departamento del Interior, el testigo Francisco Forastieri, quien declaró en favor de la demandada, manifestó que en 1944 midió ciertas tierras en la zona de Juana Díaz y que usó el mismo como base. No obstante, bajo las circunstancias expuestas y a los fines de la presente acción, no vemos qué pertinencia podía tener ese plano.(5)

Finalmente sostiene la demandada que el tribunal sentenciador erró al reconsiderar su decisión de no admitir en evidencia copia de la carta escrita por el demandante al

---

(3) El artículo 1865 del Código Civil provee:

*"No prescribe* entre coherederos, condueños o propietarios de fincas colindantes *la acción para pedir* la partición de la herencia, la división de la cosa común, o *el deslinde de las propiedades contiguas."* (Bastardillas nuestras.)

(4) La transacción tiene para las partes la autoridad de cosa juzgada. *Zayas* v. *Corte*, 66 D.P.R. 222, 225. Cf. *Pérez* v. *Tribunal de Distrito*, 70 D.P.R. 656, 661; *Cintrón* v. *Corte Municipal*, 67 D.P.R. 793, 798; *Holtz* v. *Beighley*, 300 N.W. 445; *Crawford* v. *Crawford*, 200 S.E. 421, 423.

(5) Cf. *Serrano* v. *Sucn. Santos*, 24 D.P.R. 175, 182.

Comisionado del Trabajo en 29 de julio de 1941 ni el memorándum enviado por él a dicho funcionario, y al aceptarlos finalmente en evidencia. Es innecesario resolver si el tribunal a quo erró o no al actuar en la forma en que lo hizo, toda vez que el propio demandante ya había ocupado la silla testifical y declarado ampliamente sobre el contenido de los mismos sin que a ello se opusiera la demandada. La admisión de esos documentos nada agregó a lo expuesto por el testigo. *Insular Industrial, etc. v. Cintrón*, 52 D.P.R. 631, 638; *Pueblo v. Cía. Insular de Transporte*, 46 D.P.R. 596; *J. S. Waterman & Co. v. Méndez Hnos. & Co.*, 44 D.P.R. 351, 354.

*No habiéndose cometido los errores señalados, debe confirmarse la sentencia apelada.*

El Juez Presidente Señor Todd, Jr., no intervino.