# 96 DTA 108

## TRIBUNAL DE CIRCUITO DE APELACIONES
## CIRCUITO REGIONAL DE ARECIBO Y UTUADO

LEONIDES CASTRO HERNANDEZ Y OTROS
Apelantes

v.

SANTIAGO GONZALEZ RODRIGUEZ Y OTROS
Apelados

Núm. KLAN-96-00415

San Juan, Puerto Rico, a 7 de agosto de 1996

Panel integrado por su presidente, Juez Arbona Lago
y los Jueces Giménez Muñoz y Salas Soler

Salas Soler, Juez Ponente

## TEXTO COMPETO DE LA SENTENCIA

Leonides Castro Hernández y Otros (Castro Hernández) apelan de una sentencia, Hon. Cristóbal Gallardo Rodríguez (Juez), que declaró No Ha Lugar una demanda de reivindicación al estimar que los demandantes-apelantes no habían probado su título, ni habían identificado cumplidamente la porción de terreno reclamada. Castro Hernández señala la comisión de cuatro errores: (1) que la sentencia no resolvió todo lo planteado; (2) al resolverse el caso sin terminar de pasarse la prueba; (3) al resolver que la identificación del terreno con un plano no era suficiente para que prosperara la reivindicación; y (4) al hacer conclusiones que no eran sostenidas por la prueba.

## I

·Castro Hernández adquirió mediante compra un predio de terreno con una casa de cemento sin terminar en el Barrio Capáez de Adjuntas en el 1987. Mientras unos constructores se encontraban realizando labores en la casa durante el 1991 se removieron unos espeques o palos. Santiago González Rodríguez procedió entonces a radicar una querella ante el Tribunal Municipal (Querella Núm. 91-147) en la que alegaba que Castro Hernández había removido la colindancia y ocupado parte de su propiedad. La controversia principal era en cuanto a la colindancia con un camino que cruzaba ambas propiedades. Tras realizarse una mensura de la colindancia en controversia por el Ingeniero Cándido Sepúlveda (Ingeniero Sepúlveda) y rendir el informe correspondiente el Tribunal de Instancia, Hon. Sonia E. Ralat Pérez (Jueza) emitió un estado provisional de derecho en la que tomaba como suyo el informe del Ingeniero Sepúlveda. Dicho informe indica en resumen que la escritura de la propiedad la describe como una finca de tres cuerdas, aunque la versión de Castro Hernández es que se trata de una parcela de 3.9817 cuerdas y la versión de Santiago González que es de 3.24 cuerdas. El Ingeniero Sepúlveda revisó entre otros documentos un croquis que databa del 1945 y el cual contenía la versión del apelante, el cual fue utilizado únicamente para marcar algunos puntos, debido a que carecía de la información básica de los rumbos y las coordenadas rectangulares de los puntos. Por último el Ingeniero Sepúlveda recomendó se siquieran las colindancias por él marcadas, similares a la versión de Santiago González aunque limitadas a una cabida de tres cuerdas y que el camino pudiera seguir siendo usado por ambas partes. (Véase Apéndice Núm. 9).

No conforme con dicho Estado Provisional de Derecho la parte apelante radicó demanda en solicitud de reivindicación de posesión de cabida en la que en síntesis alegó que se había limitado la propiedad a tres cuerdas, aun cuando existían otras colindancias aparentes y establecidas durante los 47 años que esa familia, la Castro Hernández, había poseído el inmueble por lo que el exceso de cabida les correspondía a ellos y no a Santiago González, quien había perturbado su posesión durante el 1991. Además indicaron que el informe del Ingeniero Sepúlveda se limitó a la medición del predio de Castro y que no utilizó ni siquiera los lindes indicados por las partes en que coincidían. La parte demandada-apelada contestó esencialmente negando los hechos alegados. El 11 de marzo de 1996, notificada el 13 de marzo de 1996 el Tribunal de Instancia dictó sentencia con los resultados anteriormente reseñados.

En su escrito de apelación Castro Hernández alega básicamente lo mismo que ante el Tribunal de Instancia, pero indica que la sentencia apelada no resolvió todas las controversias planteadas entre las que se cuenta la reivindicación del terreno perdido en la mensura que ni siguiera colinda con Santiago González y en cuanto a la utilización del camino que pasa por ambas propiedades. También indica que nada se resolvió sobre el exceso de cabida reclamada y que fue adjudicada a Santiago González sin siquiera éste probar que se trataba realmente de parte de su propiedad o que de no serlo que había usucapiado la misma. Alega además que el Tribunal tomó una decisión sin haber terminado de presentar su prueba, cuando aún tenía que presentar un video, ▮ una inspección ocular y otra prueba. La parte apelada sometió en término su Alegato en Oposición en el que indica que la parte apelante no llevó prueba que pudiera esclarecer, ni sostener su contención. En cuanto a la alegación sobre el camino indica que esto nunca fue planteado en el juicio y que la parte tiene siempre el remedio de llevar una acción sobre servidumbre para esclarecer el asunto.

El 24 de mayo de 1996 le indicamos a las partes que ante el extenso apéndice que acompaña la apelación, eximíamos a la parte apelante la de presentar el apéndice conjunto conforme lo requiere la Regla 37 del Reglamento del Tribunal de Circuito de Apelaciones (R.T.C.A.) de 3 de febrero de 1995. Véase Regla 4 de Transición del R.T.C.A. de lro. de mayo de 1996. Igualmente instruimos a la Secretaría del Tribunal de Instancia, que sometiera los autos originales del caso Civil Núm. LAC92-0078 a nuestra atención lo cual diligentemente hizo. Estudiada la posición de ambas partes y el legajo ante nos, resolvemos.

## II

En realidad se trata de un caso de deslinde y no de reivindicación. Las controversias que persisten entre las partes son de colindancias y ello está sujeto a la prueba testifical sobre el terreno. Fijadas certeramente las colindancias es que el pleito adquiere naturaleza de reivindicación de terreno. Tanto en las acciones de deslinde como de reivindicación hay que establer título pero con diferentes propósitos.

La acción reivindicatoria y la acción de deslinde son dos acciones diferentes, en la primera se reclama el título sobre la finca o parte de la finca. Esta acción surge del Artículo 280 del Código Civil, 31 L.P.R.A. 1111, y surge para que el propietario que no posee pueda reclamar su derecho a poseer de manos de aquel poseedor que no puede alegar un título jurídico que justifique su posesión. En el caso de la acción de deslinde se aclaran los límites de la propiedad territorial, para que los predios contiguos de distintos propietarios no se confundan. El Artículo 319 del Código Civil, 31 L.P.R.A. 1211, regula la acción de deslinde permitiendo la acción con citación de los dueños de los predios colindantes. *Zalduondo v. Méndez*, 74 D.P.R. 637 (1953); *Zayas v. Autoridad de Tierras*, 73 D.P.R. 897 (1952). La acción de deslinde no da ni quita derechos, siendo la sentencia que por ella recae puramente declarativa, sin que ello constituya cosa juzgada. Una acción de reivindicación puede realizarse como consecuencia de una demarcación que se haga al fijarse colindancias y haya necesidad de reivindicar terrenos que se creen usurpados. *Arce v. Díaz*, 77 D.P.R. 624 (1954).

Es doctrina reiterada que la acción reivindicatoria de bienes inmuebles prosperará si queda probada la concurrencia de los siguientes elementos. (1) un título legítimo de dominio del demandante; (2) que dicho título sea superior al del demandado, o el de éste sea nulo o inexistente; (3) el hecho de que el demandado se encuentra en la posesión de la cosa reivindicada; y (4) la identidad de la cosa a reivindicarse. *Soc. Gananciales v. González Padín Co.*, 117 D.P.R. 94 (1986); *Pérez Cruz v. Fernández Martínez*, 106 D.P.R. 144 (1977); *Arce v. Díaz, supra; Sucesión Meléndez v. Almodóvar*, 70 D.P.R. 527 (1949); *Amy et. al. v. Amy et al.*, 15 D.P.R. 415 (1909).

El Tribunal de Instancia luego de escuchar la prueba determinó: *"...que no surge descripción o identificación alguna del predio que se pretende reivindicar...* ▇ *y que lo más parecido a una descripción es el señalamiento de que el predio en cuestión debe ser de unas 3.9817 cuerdas. También concluyó Instancia que el apelante no probó su título sobre la porción reclamada cuya descripción no se realizó cumplidamente. Por lo que puede apreciarse el apelante no probó cumplir con los (4) criterios normativos de la doctrina vigente sobre reivindicación. Así lo concluyó inequívocamente el Tribunal de Instancia tomando como base para ello la prueba que le mereció entero crédito. Es norma claramente establecida que en ausencia de error manifiesto, pasión, prejuicio o parcialidad no intervendremos a nivel apelativo con las determinaciones de hecho y adjudicación de credibilidad hecha en instancia por el juzgador de los hechos."* Quiñones López y otros v. Manzano Pozas y otros, ___ D.P.R.___ (1996), **96 J.T.S. 95.** El apelante no nos pone en condición para determinar que Instancia cometió error respecto a la prueba recibida o que cometió error en el dictamen.

### III
Por los fundamentos expuestos y en vista de que la sentencia objeto de este recurso es fundamentalmente correcta, confirmamos.

Así lo pronunció y manda el Tribunal y lo certifica la Secretaria General.

Sonia Pacheco Román
Secretaria General

### ESCOLIOS 96 DTA 108

**1.** En cuanto al video el apelante Castro Hernández alega quedó pendiente de presentación en evidencia. Entendemos lo contrario, se renunció ímplicitamente a ello. La Minuta de 11 de diciembre de 1995 señala que el caso quedó sometido y tribunal dictó sentencia tres meses luego, por tanto renunció a tal planteamiento por inacción. Apéndice 26, páginas 64 y 65.

**2.** Conclusión 3, página 4, Sentencia.