ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| JACQUELINE RAMOS RIVERA<br><br>APELANTE<br><br>v.<br><br>MOISÉS SERRANO RIVERA; GLADYS MONTAÑEZ; Y LA SOCEIDAD LEGAL DE GANANCIALES COMPUESTA POR AMBOS<br><br>APELADA | KLAN202500251 | Apelación procedente del Tribunal de Primera Instancia, Sala Superior de Caguas<br><br>Caso Núm.: SL2024CV00421<br><br>Sobre: Usucapión, *Injunction* (Entredicho Provisional, *Injunction* Preliminar y Permanente), Daños |

Panel integrado por su presidente, Juez Adames Soto, la Jueza Santiago Calderón y la Juez Lotti Rodríguez.[1]

Lotti Rodríguez, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 5 de agosto de 2025.

Comparece la Sra. Jacqueline Ramos Rivera (señora Ramos Rivera o "parte apelante"), mediante un recurso de apelación solicitando la revisión de la *Sentencia* notificada el 27 de enero de 2025 por el Tribunal de Primera Instancia, Sala Superior de Caguas. Mediante el referido dictamen, el foro primario declaró Ha Lugar la *Solicitud de Desestimación* promovida por el Sr. Moisés Serrano Rivera, y otros (señor Serrano Rivera o "parte apelada").

I.

Es apropiado dar comienzo a la discusión del trámite procesal con una breve referencia a los hechos acontecidos en el caso núm. SL2021CV00273. El 30 de septiembre de 2021 el señor Serrano Rivera y otros, radicaron una *Demanda* sobre deslinde contra la señora Ramos Rivera.[2] Alegaron, en

---

[1] Conforme la OATA2025-0078 la Hon. Glorianne Lotti Rodríguez sustituye al Hon. Felipe Rivera Colón.
[2] Véase, SUMAC, a la entrada 6.

resumen, que la línea de colindancia de su propiedad (Bo. Quemados Parcela Número 115, San Lorenzo, Puerto Rico) había sido removida y ocupada por la señora Ramos Rivera. Por ello, solicitaron al foro primario que señalara y ordenara los puntos conforme a la mensura y al título, y que le revirtiera el terreno ocupado.

El 12 de octubre de 2021, la señora Ramos Rivera contestó la *Demanda*.[3] Planteó como defensa affirmativa la prescripción adquisitiva, y promovió una *Reconvención* por daños y perjuicios. Alegó, en particular, que ha sido dueña por un periodo mayor al de treinta (30) años, lo cual puede evidenciar, y es titular legal de dicha propiedad (Bo. Quemados Parcela 52, San Lorenzo, Puerto Rico).

Luego de varios trámites procesales, el 26 de septiembre de 2021, las partes presentaron una *Estipulación*.[4] Manifestaron que, tras dialogar y examinar los informes periciales sometidos, acordaron estipular lo recogido en el informe emitido por el agrimensor contratado por la parte demandada. Así pues, aceptarón lo siguiente: "a) la parcela número 52, propiedad de Jackeline Ramos Rivera tiene un área registrada de 1079.86 metros cuadrados según la mensura ocupa un área de 1328.3080 metros cuadrados; b) la parcela número 116, propiedad del Sr. Moisés Serrano tiene un área registrada de 1103.92 metros cuadrados y según la mensura ocupa un área de 833.7431 metros cuadrados teniendo esta parcela un déficit en cabida ocupada por la demandada". Las partes aceptaron que "de acuerdo con las cabidas registrales: La parcela 52 ocupará un área de 1079.86 metros cuadrados y parcela 116 ocupará un área de 1103.92 metros cuadrados, según las antes referidas mensuras".

Finalmente, el 26 de septiembre de 2024, notificada el 30, el foro primario dictó *Sentencia* mediante la cual acogió el acuerdo entre las partes,

---

[3] Véase, SUMAC, a la entrada 12.
[4] Véase, SUMAC, a la entrada 105.

detallado en el párrafo anterior y concerniente a la acción de deslinde. No obstante, en la Sentencia no se emitió dictamen alguno relacionado a la reconvencion.

En relación con el caso núm. SL2024CV00421, objeto del recurso de epígrafe, el 8 de noviembre de 2024, la señora Ramos Rivera presentó una *Demanda* sobre usucapión, entredicho preliminar y permanente, y daños contra el señor Serrano Rivera y otros. Alegó, en resumen, que durante setenta y tres (73) años ha poseído en concepto de dueño, pública, pacíficamente de buena fe y con justo título, el terreno del inmueble ubicado en la parcela núm. 116 de la parte demandada. Adujo que ha poseído dicha propiedad desde la década de los 1950, tiempo suficiente para que se consume a su favor la figura de prescripción adquisitiva. Planteó que la construcción de una verja y la remoción de una carpa perteneciente a la familia Ramos, son ilegales y carecen de fundamento judicial.

De manera que, la señora Ramos Rivera solicitó al tribunal, entre otros asuntos, que emitiera un *Injunction* preliminar a los fines de demoler la verja y un *Injunction* permanente para evitar que se formalice la obra. A su vez, que se decrete a su favor el título de propiedad mediante la figura de prescripción adquisitiva de la parcela núm. 116. Asimismo, solicitó el pago de una suma ascendente a $25,000.00 por concepto de daños y perjucios contra cada parte demandada.

El 26 de noviembre de 2024 el señor Serrano Rivera y otros, presentaron una *Solicitud de Desestimación*. Alegaron, en esencia, que la señora Ramos Rivera carece de una causa de acción en su contra, toda vez que la misma fue adjudicada en un pleito anterior (SL2021CV00273). Manifestaron que el foro primario adjudicó mediante sentencia la cabida de las parcelas a las que se hace referencia en el presente caso. Sostuvieron, en particular, que en dicha *Sentencia* quedó establecido que la parcela del señor Serrano Rivera tiene una cabida mayor. Por consiguiente, plantearon que

"cualquier causa de acción relacionada a las parcelas, su titularidad, la cabida y los puntos que la limitan ya fue adjudicada [...] Es de aplicación la doctrina de fraccionamiento de la causa de acción en el presente caso, al igual que la del impedimento colateral por sentencia [...]".

El 12 de diciembre de 2024, la señora Ramos Rivera presentó una *Moción en Oposición a Solicitud de Desestimación*. El 27 de enero de 2025, el foro primario dictó Sentencia, mediante la cual declaró Ha Lugar la *Solicitud de Desestimación*. El Tribunal concluyó lo siguiente:

> "[L]as partes litigaron el asunto sobre las cabidas y los puntos de sus respectivos terrenos en un pleito de deslinde anterior, caso SL202[1]CV00273. En el mismo estipularon las delimitaciones de sus terrenos, así acordando que la propiedad en controversia en el caso de autos le pertenece a la parte demandada. Por lo que, en el caso previo la parte demandante reconoció que dicho terreno le pertenecia a la parte demandada y, a su vez, la parte demandada paralizó cualquier término que hubiese estado corriendo para una acción de prescripción adquisitiva extraordinaria. Cabe destacar, que de conformidad con lo expresado por el Tribunal en el caso SL202[1]CV00273, en un pleito de deslinde no procede entablar una acción de usucapión. Para que un caso de dicha índole prosperara la parte demandante debió incoar su demanda previo a la acción de deslinde, cosa que no ocurrió".

El 10 de febrero de 2025, la señora Ramos Rivera presentó una *Solicitud de Reconsideración,* la cual fue declarada No Ha Lugar por el Tribunal mediante *Resolución* emitida el 21 de febrero de 2025, notificada el 24.

Inconforme con dicha determinación, el 26 de marzo de 2025, la señora Ramos Rivera compareció ante nosotros mediante el recurso de apelación de epígrafe y planteó la comisión de los siguientes errores:

> **Primer error:**
> **Erró el Honorable Tribunal de Primera Instancia, mediante error manifiesto en derecho, al distanciarse del estándar aplicable a una solicitud de desestimación al amparo de la Regla 10.2 (5)[.]**
>
> **Segundo error:**
> **Erró el Honorable Tribunal de Primera Instancia, mediante error manifiesto en derecho, al desestimar la demanda incoada por aplicabilidad de la doctrina de cosa juzgada, en sus vertientes de impedimento colateral por sentencia y fraccionamiento de causa.**

> **Tercer error:**
> **Erró el Honorable Tribunal de Primera Instancia, mediante error manifiesto en derecho, al confundir el alcance y los requisitos aplicables a una causa de acción de deslinde y a una causa de acción de prescripción adquisitiva.**

El 23 de abril de 2025 el señor Serrano Rivera y otros, presentaron el *Alegato de la parte Apelada*. Sostuvieron, en síntesis, que la señora Ramos Rivera aceptó la titularidad de las parcelas, las cabidas y los puntos que limitan su cabida, a raíz de la estipulación realizada y posteriormente acogida en la *Sentencia* del caso anterior (SL2021CV00273). Adujeron que la señora Ramos Rivera desistió de cualquier otro reclamo, incluyendo el de prescripción adquisitiva.

Con el beneficio de la comparecencia de las partes, el Derecho y jurisprudencia aplicables, resolvemos.

II.

**A. Acción de Deslinde**

El Artículo 829 del Código Civil de Puerto Rico de 2020, 31 LPRA sec. 8132, define deslinde como "la operación por la cual se fijan los límites materiales de una finca que están confundidos". Según nuestro sistema de derecho, **la acción de deslinde es imprescriptible y sin perjuicio de los derechos adquiridos por usucapión**. Arts. 831 y 1205 del Cód. Civil, 31 LPRA secs. 8134 y 9497 (Énfasis nuestro). "[E]l hecho de haberse intentado o practicado una acción de deslinde no impide que se vuelva a hacer, si existen nuevas causas que lo justifiquen". *Ramírez Quiñones v. Soto Padilla*, 168 DPR 142, 158 (2006) (citando a *Zayas v. Autoridad de Tierras*, 73 DPR 897, 901 (1952)). En este sentido, **la sentencia de deslinde, no produce otro efecto que el de precisar las colindancias de determinados inmbuebles. Así pues, dicha sentencia "no da ni quita derechos".** *Ramírez Quiñones v. Soto Padilla, supra* (citando a *Zalduondo v. Méndez*, 74 DPR 637, 644 (1953); *Zayas v. Autoridad de Tierras, supra*, pág. 901)). (Énfasis nuestro). "Por eso es que no perjudica al demandado la norma que impide litigar en el

procedimiento de deslinde la prescripción adquisitiva de las partes". *Id.* pág. 159. **Mediante la acción de deslinde se pretende "individualizar los inmuebles, sin determinar directamente quién es su dueño**. Por otro lado, **en esta acción no se discute la validez ni la eficacia de los títulos**, sino que se dirime su interpretación". *Id.* (Énfasis nuestro).

### B. La prescripción adquisitiva o usucapión

La prescripción adquisitiva, también conocida como usucapión, es un modo de adquirir el dominio y otros derechos reales de goce mediante la posesión. Art. 777 del Cód. Civil de P.R., 31 LPRA sec. 8021. En específico, "la posesión para adquirir el dominio por usucapión ha de ser en concepto de dueño, además de continua, pública y pacífica". Art. 778 del Cód. Civil de P.R., 31 LPRA sec. 8022. Ahora bien, si la posesión se adquiere o mantiene mediante violencia, esta no es útil para la usucapión, sino desde que cesa la violencia. *Id.* De manera que, se considera que **una persona es posee en calidad de dueña cuando actúa como el verdadero(a) titular por los actos que realiza respecto a la propiedad**. Art. 779 del Cód. Civil de P.R., 31 LPRA sec. 8023. (Énfasis nuestro). "**[U]na vez transcurrida la totalidad del término fijado en nuestro ordenamiento, de inmediato se materializa o consolida el dominio en la persona, que en unión a sus dueños anteriores, ha poseído durante ese periodo con los requisitos de ley**". *Adm. Terrenos v. SLG Rivera-Morales*, 187 DPR 15, 26-27 (2012) (citas omitidas) (Énfasis nuestro).

Es norma reiterada que, la prescripción adquisitiva es ordinaria o extraordinaria. J.R. Vélez Torres, *Curso de Derecho Civil: los bienes, los derechos reales*, Madrid, Ed. Offirgraf, T. II, 1983, pág. 265. En lo pertinente, la usucapión de un bien inmueble exige la posesión durante diez (10) años con justo título y buena fe (ordinaria), o durante veinte (20) años sin necesidad de título ni buena fe (extraordinaria). Arts. 783 y 788 del Cód. Civil de P.R., 31 LPRA sec. 8027 y 8032. En este sentido, el tiempo exigido para la

usucapión se determina conforme a las siguientes reglas: "(a) el poseedor actual puede completar el tiempo necesario uniendo al suyo el de su causante; y (b) el día en que comienza a contarse el tiempo se tiene por entero, pero el último debe cumplirse en su totalidad". *Id.*

Por otro lado, para los efectos de la usucapión la posesión, se interrumpe:

(a) por su cese durante más de un (1) año;
(b) por el emplazamiento o citación judicial hecha al poseedor, aunque sea por mandato de un tribunal sin competencia;
(c) por el requerimiento judicial o notarial, siempre que, dentro de dos (2) meses de practicado, se presente ante el tribunal la demanda sobre posesión o dominio de la cosa cuestionada; o
(d) por cualquier reconocimiento expreso o tácito del derecho del dueño por parte del poseedor. Art. 781 del Cód. Civil de P.R., 31 LPRA sec. 8025; Véase además *Bravman, Gónzalez v. Consejo Titulares*, 183 DPR 827, 840 (2011).

### C. Las doctrinas de Cosa Juzgada y el Impedimento Colateral

La doctrina de cosa juzgada "se fundamenta en consideraciones de orden público y necesidad". *Fonseca et al. v. Hosp. HIMA*, 184 DPR 281, 294 (2012). Así pues, "persigue poner fin a los litigios luego de que los tribunales los adjudiquen de forma definitiva y, de este modo, garantizar la certidumbre y la seguridad de los derechos declarados mediante una resolución judicial". *Ortiz Matías et al. v. Mora Development*, 187 DPR 649, 655 (2013). A tales efectos, se busca evitar gastos adicionales tanto para el Estado como para los litigantes. *Id.* Dicha doctrina tiene como finalidad poner fin a los pleitos "y no someter a los ciudadanos a las molestias de tener que litigar dos veces una misma causa". *Id.* (citando a *Fonseca et al. v. Hosp. HIMA, supra*). Sin embargo, para que proceda la aplicación de esta doctrina, debe concurrir la más perfecta identidad de causas, cosas, las personas de los litigantes, y la calidad en que lo fueron. *Ortiz Matías et al. v. Mora Development, supra; Presidential v. Transcaribe*, 186 DPR 263, 276 (2012).

En particular, el requisito de la identidad de cosas supone que el segundo pleito versa sobre el mismo asunto que el primero, aunque las cosas (objeto o materia) del litigio se hayan disminuido o alterado. *Presidential v.*

*Transcaribe, supra*, pág. 274. Por otro lado, la identidad de causa "existe cuando los hechos y los fundamentos de las peticiones son idénticos en lo que afecta a la cuestión planteada". *Id.* pág. 275 (citando a *A & P Gen. Contractors v. Asoc.* Caná, 110 DPR 753, 765 (1981)). Del mismo modo, se considera que hay identidad de personas cuando existen entre las personas causahabientes en los pleitos una indivisibilidad en las prestaciones entre los que tienen derecho a exigirlas u obligación de satisfacerlas. *Id.* pág. 276.

El impedimento colateral por sentencia constituye una modalidad de cosa juzgada; no obstante, a diferencia de esta, para la aplicar el impedimento colateral no es necesario que se dé el requisito de identidad de causas. *Presidential v. Transcaribe, supra,* págs. 276-277. La doctrina de impedimento colateral " 'surte efectos cuando un hecho esencial para el pronunciamiento de una sentencia se dilucida y se determina mediante sentencia válida y final [y] tal determinación es concluyente en un segundo pleito entre las mismas partes, aunque estén envueltas causas de acción distintas' ". *Beníquez et al. v. Vargas et al.*, 184 DPR 210, 225 (2012). En cambio, no procede aplicar la referida doctrina cuando "**la parte contra la cual se interpone no ha tenido la oportunidad de litigar previamente el asunto y no ha resultado ser la parte perdidosa en el litigio anterior**". *Id.* pág. 226. (Énfasis nuestro).

### III.

En síntesis, la señora Ramos Rivera arguye que erró el foro primario al apartarse del estándar que rige una solicitud de desestimación conforme a la Regla 10.2 (5), y que el Tribunal también erró al desestimar la demanda con base en la doctrina de cosa juzgada. Asimismo, alega que erró el foro recurrido al interpretar de forma incorrecta el alcance y los requisitos correspondientes a una causa de acción de deslinde y a una de prescripción adquisitiva. Le asiste la razón. Veamos.

Como relacionamos previamente, el 8 de noviembre de 2024, la señora Ramos Rivera presentó una *Demanda* sobre usucapión, entredicho preliminar y permanente, y daños contra el señor Serrano Rivera y otros. Posteriormente, el 27 de enero de 2025, el foro primario dictó Sentencia, mediante la cual declaró Ha Lugar la *Solicitud de Desestimación* promovida por el señor Serrano Rivera y otros. En resumen, el foro *a quo* concluyó que "las partes litigaron el asunto sobre las cabidas y los puntos de sus respectivos terrenos en un pleito de deslinde anterior, caso SL202[1]CV00273. En el mismo estipularon las delimitaciones de sus terrenos, así acordando que la propiedad en controversia en el caso de autos [parcela núm. 116] le pertenece al [señor Serrano Rivera y otros]".

Nótese que el tribunal resolvió que, mediante la estipulación aludida, la señora Ramos Rivera alegadamente reconoció que dicho terreno le pertenecía al señor Serrano Rivera y otros. Ahora bien, nuestro código civil y jurisprudencia interpretativa claramente establecen que **el único efecto que produce la sentencia de deslinde es precisar las colindancias de determinados inmbuebles sin determinar directamente quién es el dueño**. En consecuencia, dicha sentencia "no da ni quita derechos". *Ramírez Quiñones v. Soto Padilla, supra*, pág. 158. A tales efectos, la **acción de deslinde es sin perjuicio de los derechos adquiridos por usucapión**. Art. 831 del Cód. Civil, 31 LPRA secs. 8134. Distinto a lo anterior, la figura de la prescripción adquisitiva requiere, que la posesión para adquirir el dominio ha de ser en concepto de dueño, además de continua, pública y pacífica". Art. 778 del Cód. Civil de P.R., 31 LPRA sec. 8022.

Toda vez que el primer caso versó sobre una acción de deslinde, y que del expediente no surge expresión alguna del tribunal en cuanto a la titularidad de la parcela en controversia, conforme a las exigencias de la acción de prescripción adquisitiva, concluir que la señora Ramos Rivera está impedida de presentar su reclamación en el caso de epígrafe contraviene

nuestro ordenamiento jurídico. Ello, pues la doctrina de cosa juzgada no resulta aplicable si la parte afectada no litigó previamente el asunto ni fue parte perdidosa en el pleito anterior. Por tanto, los planteamientos de errores fueron cometidos por el foro recurrido.

IV.

Por los fundamentos que expondremos a continuación, *revocamos* la Sentencia apelada. Se devuelve el caso para la continuacion de los procedimientos.

Notifíquese.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís<br>Secretaria del Tribunal de Apelaciones