Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL V

| | | |
|---|---|---|
| RAFAEL RIVERA CLAUDIO; NILDA IRIS GONZÁLEZ RIVERA y SLBG COMPUESTA POR AMNBOS **Apelado** | | *APELACIÓN* procedente del Tribunal de Primera Instancia, Sala Superior de Humacao |
| V. | KLAN202500054 | Civil. Núm. HSCI201600691 |
| NICOLÁS DÁVILA ECHEVARRÍA y MUNICIPIO DE YABUCOA representado por su Alcalde HON. RAFAEL SURILLO **Apelante** | | Sobre: Deslinde; Daños y Perjuicios |

Panel integrado por su presidente, el Juez Hernández Sánchez, el Juez Bonilla Ortiz y la Jueza Mateu Meléndez.

**Hernández Sánchez, Juez Ponente.**

**SENTENCIA**

En San Juan, Puerto Rico, a 14 de febrero de 2025.

El 21 de enero de 2025, el Sr. Nicolás Dávila Echevarría (señor Dávila o apelante) compareció ante nos mediante *Apelación* y solicitó la revisión de una *Orden* que se emitió el 24 de octubre de 2024 y se notificó el 28 de octubre de 2024. Mediante el aludido dictamen, el TPI declaró No Ha Lugar la *Moción en Solicitud de Nulidad de Sentencia* presentada por el señor Dávila.

Por los fundamentos que expondremos a continuación, ***revocamos*** el dictamen apelado.

I.

El 17 de julio de 2016, el Sr. Rafael Rivera Claudio, la Sra. Nilda González Rivera y la Sociedad Legal de Bienes Gananciales compuesta por ambos (esposos Rivera González o parte apelada) presentaron una *Demanda* sobre deslinde y daños y perjuicios en contra del señor Dávila y el Municipio de Yabucoa (Municipio).[1]

---

[1] Véase, págs. 3-6 del apéndice del recurso.

Alegaron que, eran dueños de una propiedad ubicada en el barrio Calabazas en Yabucoa y, que dicha propiedad colindaba con la propiedad del apelante. Arguyeron que para el 2011, el señor Dávila instaló una verja de alambres de púa fuera de los puntos colindantes establecidos en una mensura que se realizó en el 2003. Sostuvieron que parte del terreno usurpado por el apelante tenía una siembra aproximada de 200 matas de plátano. Así pues, razonaron que las actuaciones de este les causaron daños, pérdidas de frutos y cosechas, angustias mentales y les privaron del disfrute de su propiedad. Particularmente, las alegaciones de la *Demanda* leen como sigue:

6. Que la mencionada finca colinda con al OESTE con la propiedad del codemandado Nicolás Dávila Echevarría.

7. Que para el 18 de mayo de 2003 el Ing. José M. Benítez Medina realizó una mensura con la anuencia del demandado de la finca antes descrita.

8. Que como parte de esta mensura se establecieron puntos de colindancia entre las fincas de los demandantes y el codemandado Nicolás Dávila Echevarría.

9. Que para aproximadamente el 2011 el codemandado, Nicolás Dávila Echevarría, instaló una verja de alambres de púa fuera de los puntos colindantes ya establecidos en la mensura del 2003. Como consecuencia usurpando parte de la propiedad de los demandantes e impidiendo el uso y disfrute de esta.

11. Que estas actuaciones del codemandado, Nicolás Dávila Echevarría, han causado daños a los demandados al perturbar la paz y tranquilidad de estos. Estos daños consisten en gastos legales, pérdida de frutos y cosechas, privación de su propiedad, angustias mentales, pérdida de sueño, ansiedad y problemas matrimoniales.

12. Que estos daños causados por el codemandado, Nicolás Dávila Echevarría, se estiman en una cantidad no menor de $85,000.00.

Ante la situación antes expuesta, señalaron que para el 2011, se entabló un pleito de acción reivindicatoria, al cual se le asignó el alfanumérico HSCI-2011-00392. Sostuvieron que, en dicho pleito se estableció que el camino existente en su propiedad le pertenecía al

Municipio. No obstante, enfatizaron que la acción del Municipio se consideraba una expropiación sin compensación, por lo que debían compensar su valor en el mercado. En virtud de lo anterior, solicitaron la suma de $85,000.00 en concepto de daños y angustias mentales y que se ordenara al Municipio la mensura y tasación del camino y, la justa compensación por la expropiación realizada. Cabe precisar que, junto a la *Demanda*, acompañaron los emplazamientos correspondientes.

Luego de varios trámites procesales, el 30 de diciembre de 2016, el apelante presentó su *Moción para que se Desestime el Presente Caso* sin someterse a la jurisdicción del TPI.[2] Mediante esta, apuntó que los esposos Rivera González no lo emplazaron conforme a derecho, puesto que utilizaron el emplazamiento que fue autorizado por el TPI a nombre del Municipio para emplazarlo. Por su parte, el 16 de marzo de 2017, la parte apelada presentó su *Moción en Oposición a Solicitud de Desestimación*.[3] En síntesis, planteó que el 6 de noviembre de 2016, presentó una *Moción en Oposición a Solicitud de Desestimación y Solicitud Expedición de Emplazamientos Enmendados* a los fines de otorgar sesenta (60) días al Municipio para presentar su contestación a la *Demanda*. Cónsono con lo anterior, expuso que el 22 de noviembre de 20216, el TPI expidió los nuevos emplazamientos y el 10 de enero de 2017, se emplazó al Municipio. En cuanto al señor Dávila, alegó que no había podido ser emplazado, puesto que se ocultaba. Así pues, razonó que procedía emplazarlo por edicto.

Así las cosas, el 20 de abril de 2017, los esposos Rivera González presentaron su *Moción Solicitando se Expidan Emplazamientos por Edictos*.[4] Arguyeron que habían realizado

---

[2] Véase, págs. 11-12 del apéndice del recurso.
[3] Id., págs. 13-14.
[4] Id., págs. 15-17.

innumerables gestiones para emplazar al Sr. Dávila, pero las mismas fueron infructuosas. Sostuvieron que este era parte indispensable, por lo que procedía ordenar el emplazamiento por edicto.[5] No obstante lo anterior, el 16 de mayo de 2017, el TPI emitió una *Orden*, en la cual determinó que la solicitud para emplazar por edicto al señor Dávila se realizó pasados los ciento veinte (120) días que tenía la parte apelada para emplazar al apelante.[6] Sin embargo, le concedió el término de veinte (20) días a los apelados para exponer la razón por la cual no se debía desestimar la reclamación respecto al apelante conforme a la Regla 4.3 (c) de Procedimiento Civil, 32 LPRA Ap. V., R. 4.3 (c).

El 13 de junio de 2017, el señor Dávila presentó una *Moción en Solicitud de Orden* sin someterse a la jurisdicción del TPI.[7] En esencia, adujo que había transcurrido en exceso el término concedido por el TPI para que la parte apelada expusiera las razones por las cuales no se debía desestimar la reclamación en su contra.

Cónsono con lo anterior, el 16 de junio de 2017, el TPI emitió una *Sentencia Parcial*.[8] Mediante esta, el TPI determinó que el señor Dávila no fue emplazado en el término de ciento veinte (120) días, por lo que desestimó la *Demanda* en cuanto a este. Celebrada la vista en su fondo, el 24 de marzo de 2022, el TPI emitió su *Sentencia* mediante la cual determinó que los esposos Rivera González eran los dueños de la propiedad sita en Yabucoa. Además, concluyó que el camino existente en dicha propiedad era uno de carácter privado y, que no le pertenecía al Municipio.[9]

Aproximadamente dos años después de que se dictara *Sentencia* en el presente caso, a saber, el 2 de julio de 2024, el señor

---

[5] Además, adjuntó la declaración en la cual se hicieron constar las gestiones realizadas.
[6] Véase, pág. 18 del apéndice del recurso.
[7] Id., págs. 19-20.
[8] Id., págs. 21.
[9] Id., págs. 22-25.

Dávila presentó una *Moción de Nulidad de Sentencia* sin someterse a la jurisdicción del TPI.[10] En síntesis, esbozó que la *Sentencia* que se dictó el 24 de marzo de 2022, no podía revocar la *Sentencia* emitida por el TPI en el caso HDCI-20114-00392 y la *Resolución* dictada por este Tribunal de Apelaciones, a la cual se le asignó el alfanumérico KLCE2014-01605. En lo pertinente, resaltó que en el caso KLCE2014-01605, un panel hermano determinó que el camino en controversia era propiedad del Municipio, por lo que ordenó a la parte apelada a remover el portón que obstaculizaba el camino. De igual forma, señaló que, en el referido pleito, el TPI modificó la sanción impuesta.

Indicó que, a raíz de la determinación del presente pleito, los esposos Rivera González instalaron un portón en el camino de acceso a su propiedad impidiendo su paso a esta. De este modo, sostuvo que estaba privado del camino acceso a su propiedad, por lo que se violentaron sus derechos constitucionales. A su vez, afirmó que era parte indispensable en el pleito y no fue parte de este, puesto que la parte apelada no lo emplazó en el término correspondiente. Añadió que, la conducta efectuada por la representación legal de la parte apelada era una censurada, puesto que indujo a error al TPI toda vez que existía una *Resolución* de este Tribunal de Apelaciones que resolvió lo contrario a la *Sentencia* que se dictó por el TPI el 24 de marzo de 2022. Por todo lo anterior, razonó que procedía imponer sanciones a los esposos Rivera González en una cantidad no menor de $10,000.00; decretar la nulidad de la *Sentencia* que se emitió el 24 de marzo de 2022 y; ordenar la remoción del portón en un periodo de 24 horas conforme a la *Resolución* emitida por el Tribunal de Apelaciones en el KLCE201401602.[11]

---

[10] Id., págs. 26-32.
[11] Id., págs. 34-35. El 16 de julio de 2024, el señor Dávila presentó una *Moción en Apoyo de Moción de Nulidad de Sentencia*.

Así las cosas, el 11 de julio de 2024, el TPI emitió una *Orden* que se notificó al día siguiente.[12] Mediante esta, concedió el término de veinte (20) días a la parte apelada para expresar su oposición. A su vez, el 18 de julio de 2024, emitió una segunda *Orden* que se notificó al día siguiente, en la cual concedió el término de diez (10) días al Municipio para presentar su oposición.[13] Transcurrido el término concedido a los apelados y al Municipio para cumplir con las órdenes antes expuestas, el 16 de agosto de 2024, el señor Dávila presentó su *Moción en Solicitud de Orden.*[14] En esta, manifestó que los esposos Rivera González y el Municipio no presentaron su contestación a la *Solicitud de Nulidad de Sentencia,* por lo que solicitó un término perentorio de cinco (5) días para que ambas partes expresaran su posición. Luego, el 19 de agosto de 2024, el apelante presentó una segunda *Moción en Solicitud de Orden* en la cual reiteró los planteamientos de su *Moción en Solicitud de Orden* presentada el 16 de agosto de 2024.

Conforme ordenado, el 17 de septiembre de 2024, el Lcdo. John Stewart Sotomayor y el Lcdo. John Stewart Ahedo (licenciados Stewart), representantes legales de los esposos Rivera González, presentaron su *Moción Complementaria.*[15] Alegaron que, la *Sentencia* que se dictó en el caso HSCI-2016-00691 tenía a su favor una presunción de validez y corrección. De igual forma, alegaron que el argumento sobre falta de jurisdicción sobre la persona, parte indispensable, falta de jurisdicción sobre la materia y expropiación forzosa, fueron atendidas por el TPI teniendo la oportunidad de examinar la prueba de las partes implicadas en caso de epígrafe. Aclararon que, la representación legal del señor Dávila nunca estableció que el TPI violentó el debido proceso de ley.

---

[12] Véase, pág. 33 del apéndice del recurso.
[13] Id., págs. 38.
[14] Id., págs. 40-41.
[15] Id., págs. 54-60.

Adicionalmente, resaltaron que el caso de nulidad de sentencia debía presentarse como un caso nuevo. Por último, señalaron que procedía declarar no ha lugar la solicitud de nulidad de sentencia conforme a la doctrina de cosa juzgada.

De otra parte, el 17 de septiembre de 2024, el Municipio presentó su *Moción en Cumplimiento de Orden*.[16] Arguyó que, no formó parte de los pleitos HSCI-2014-00392 y el KLCE2014-1605 ventilados entre la parte apelada y el señor Dávila, por lo que no tenía pleno conocimiento y fundamentos esbozados por las partes. Por su parte, el 16 de octubre de 2025, el apelante presentó su *Oposición a Moción Complementaria* en la cual reiteró los argumentos de la *Moción de Nulidad de Sentencia*.[17] Además, apuntó que el caso de epígrafe era uno igual a los múltiples pleitos entre las mismas partes, que trataba sobre la misma materia, los mismos fundamentos y total identidad de las partes. Sostuvo que, en dichos casos, el TPI determinó que existía una servidumbre de paso y, el apelante había sido privado ilegalmente de dicho acceso. A su vez, enfatizó que en el KLCE2014-01605, el TPI ordenó a los esposos Rivera González a remover el portón en el camino que utilizaba para tener acceso a su propiedad. En virtud de lo anterior, solicitó al TPI que impusiera la suma de no menos de $10,000.00 en sanciones y honorarios de abogado, temeridad, engaño y frivolidad.

El 16 de octubre de 2024, el señor Dávila presentó su *Moción en Cumplimiento de Orden en Cuanto a Moción Intitulada Moción en Cumplimiento de Orden* en la cual reafirmó los planteamientos de su *Moción de Nulidad de Sentencia*.[18] Ello sin someterse a la jurisdicción del TPI. Asimismo, expresó que el Municipio validó sus

---

[16] Id., págs. 61-64.
[17] Id., págs. 67-72.
[18] Id., págs. 73-75.

planteamientos, por lo que procedía decretar la nulidad de la *Sentencia.*

Luego de examinar los argumentos presentados por las partes, el 24 de octubre de 2024, el TPI emitió una *Orden* que se notificó el 28 de octubre de 2024, en la cual declaró No Ha Lugar la *Moción de Nulidad de Sentencia.*[19] Inconforme, el 12 de noviembre de 2024, el apelante presentó su *Moción Reconsideración* sin someterse a la jurisdicción del TPI.[20] Mediante esta, manifestó que la *Sentencia* dictada por el TPI no podía prevalecer, toda vez que, lo resuelto estaba en contra de la *Sentencia* emitida por este Tribunal de Apelaciones en el caso KLCE2014-01605. Puntualizó, que la *Sentencia* dictada por el TPI resolvió lo contrario. Ello al establecer que el camino era propiedad de la parte apelada y no del Municipio. Finalmente, solicitó la celebración de una vista para exponer los hechos y el derecho correspondiente.

El 18 de noviembre de 2024, el TPI emitió una *Orden* que se notificó el 21 de noviembre de 2024, en la cual declaró No Ha Lugar la *Moción de Reconsideración.*[21] Aún inconforme, el 21 de enero de 2025, el señor Dávila presentó el recurso de epígrafe y formuló los siguientes señalamientos de error:

> **Erró el Tribunal de Primera Instancia al declarar no ha lugar la moción de nulidad de sentencia.**
>
> **Erró el Tribunal de Primera Instancia y cometió error manifiesto en derecho y se desvió de claros preceptos en derecho en el no ha lugar emitido en el presente caso.**
>
> **Erró el Tribunal de Primera Instancia al no imponer honorarios a la parte demandante-recurrida y/o a los abogados John A. Stewart Sotomayor, dado su crasa temeridad, engaño y abuso de los procedimientos, frivolidad que; ha ocasionado un pleito improcedente; causar gastos y molestias ilegales a la parte aquí compareciente, radicar un pleito que a todas luces no procedería en derecho.**

---

[19] Id., págs. 1-2.
[20] Id., págs. 76-79.
[21] Id., págs. 81.

Atendido el recurso, el 22 de enero de 2025, emitimos una *Resolución* en la cual le concedimos a la parte apelada hasta el 10 de febrero de 2025 para presentar su alegato. Oportunamente, el 10 de febrero de 2025, la parte apelada presentó su *Alegato de la Parte Demandante Recurrida* y negó que el TPI cometiera los errores que el apelante le imputó.

Con el beneficio de la comparecencia de ambas partes procedemos a resolver el asunto ante nos. *Veamos.*

II.

**-A-**

La Regla 16.1 de Procedimiento Civil, *supra,* regula todo lo relacionado con la falta de parte indispensable en un pleito. En lo pertinente, la aludida regla dispone que "[l]as personas que tengan un interés común sin cuya presencia no pueda adjudicarse la controversia, se harán partes y se acumularán como demandantes o demandadas, según corresponda". En otras palabras, **"de una parte indispensable no se puede prescindir, pues, sin su presencia, las cuestiones litigiosas no pueden adjudicarse correctamente, ya que sus derechos quedarían afectados"**. (Énfasis suplido) *Deliz et als. v. Igartúa et als.,* 158 DPR 403, 433 (2003).

Consonó con lo anterior, el Tribunal Supremo ha explicado que:

> [e]l tercero ausente [en el pleito] debe tener [tal] interés común en [este] que convierte su presencia en un requisito indispensable para impartir justicia completa o de tal orden que impida la confección de un decreto sin afectarlo. La justicia completa es aquella entre las partes y no la que se refiere a una parte y al ausente. El interés común tiene que ser uno real e inmediato. *López García v. López García,* 200 DPR 50, 63 (2018) citando a R. Hernández Colón, *Práctica jurídica de Puerto Rico: derecho procesal civil,* 6ta ed., San Juan, Ed. Lexisnexis, 2017, Sec. 1202, pág. 166.

Es importante puntualizar que el interés en el pleito debe ser de tal orden que impida la confección de un derecho adecuado sin afectar

o destruir radicalmente los derechos de esa parte. *Romero v. SLG Reyes,* 164 DPR 721, 733 (2005). Por tanto, la falta de parte indispensable es motivo para desestimar una reclamación, sin embargo, a solicitud de parte interesada, el Tribunal puede conceder la oportunidad de traer al pleito a la parte originalmente omitida, siempre y cuando pueda adquirir jurisdicción sobre ella. *Mun. de San Juan v. Bosque Real S.E.*, 158 DPR 743, 757 (2003).

El precepto procesal instituido en la Regla 16.1 de Procedimiento Civil*, supra,* forma parte del esquema de rango constitucional que prohíbe que una persona sea privada de su libertad o propiedad sin el debido proceso de ley. *Mun. de San Juan v. Bosque Real, S.E.*, 158 DPR 743, 756 (2003); Art. II, Sec. 7, Const. ELA, LPRA, Tomo 1. Además, esta regla parte de la necesidad de incluir a una parte indispensable para que el decreto judicial emitido sea completo. *López García v. López García, supra,* pág. 64. Por otro lado, es imperativo destacar que "la falta de parte indispensable en un pleito es un interés tan fundamental, que constituye una defensa irrenunciable que puede presentarse en cualquier momento durante el proceso". Íd., pág. 65. Incluso, **los foros apelativos pueden y deben levantar *motu proprio* la falta de parte indispensable en un pleito, pues ello incide sobre su jurisdicción.** (Énfasis suplido) Íd. Lo anterior quiere decir que la omisión de traer a una parte indispensable al pleito constituye una violación al debido proceso de ley. *Romero v. SLG Reyes, supra,* pág. 732.

La determinación final de si una parte debe o no acumularse depende las circunstancias particulares de cada caso. Íd. En ese sentido, dicha determinación "[e]xige una evaluación jurídica de factores, tales como tiempo, lugar, modo, alegaciones, prueba, clase de derechos, intereses en conflicto, resultado y formalidad". *López García v. López García, supra,* pág. 65. En conclusión, "cuando en un pleito las partes no se han tomado la iniciativa de brindar a

terceros ausentes la oportunidad de salvaguardar unos derechos que pueden resultar afectados, estos terceros deben ser acumulados como parte para poder dar finalidad a la adjudicación de la controversia medular". Íd. Finalmente, es importante puntualizar que no es suficiente que el ausente haya tenido la oportunidad de intervenir en el pleito, pues mientras no se le haya hecho parte, no se le puede privar de sus derechos mediante sentencia. Íd.

**-B-**

La moción de desestimación al amparo de la Regla 10.2 de Procedimiento Civil, 32 LPRA Ap. V, R.10.2, es aquella que le permite a una parte solicitar la desestimación de una acción que ha sido presentada en su contra cuando es evidente de las alegaciones que alguna de las defensas afirmativas prosperará. *Conde Cruz v. Resto Rodríguez et al,* 205 DPR 1043, 1066 (2020). En particular, la referida regla establece varias defensas privilegiadas que pueden ser presentadas mediante moción debidamente fundamentada. Íd. Esa solicitud deberá basarse en uno de los siguientes fundamentos: (1) falta de jurisdicción sobre la materia o persona, (2) insuficiencia del emplazamiento o su diligenciamiento, (3) dejar de exponer una reclamación que justifique la concesión de un remedio, o (4) **dejar de acumular una parte indispensable**. (Énfasis suplido) Íd.

**-C-**

La Regla 49.2 de Procedimiento Civil, *supra*, establece el mecanismo procesal disponible para solicitar al Tribunal de Instancia el relevo de los efectos de una sentencia. *García Colón et al. v. Sucn. González,* 178 DPR 527, 539 (2010). Específicamente, la aludida Regla dispone lo siguiente:

> Mediante una moción y bajo aquellas condiciones que sean justas, el tribunal podrá relevar a una parte o a su representante legal de una sentencia, orden o procedimiento por las razones siguientes:
>
> a) error, inadvertencia, sorpresa o negligencia excusable;

b) descubrimiento de evidencia esencial que, a pesar de una debida diligencia, no pudo haber sido descubierta a tiempo para solicitar un nuevo juicio de acuerdo con la Regla 48;

c) fraude (incluso el que hasta ahora se ha denominado "intrínseco" y el también llamado "extrínseco"), falsa representación u otra conducta impropia de una parte adversa;

**d) nulidad de la sentencia;**

e) la sentencia ha sido satisfecha, renunciada o se ha cumplido con ella, o la sentencia anterior en que se fundaba ha sido revocada o de otro modo dejada sin efecto, o no sería equitativo que la sentencia continúe en vigor, o

f) cualquier otra razón que justifique la concesión de un remedio contra los efectos de una sentencia.

[…]

Para que proceda el relevo de sentencia bajo la referida regla, "es necesario que el peticionario aduzca, al menos, una de las razones enumeradas en esa regla para tal relevo". *García Colón et al. v. Sucn. González*, supra, pág. 540. Además, una moción basada en la aludida Regla debe estar bien fundamentada, pues sabido es que los dictámenes emitidos por nuestros tribunales gozan de una presunción de validez y corrección. *Cortés Piñeiro v. Sucesión A. Cortés*, 83 DPR 685, 690 (1961). Cabe precisar, que, como regla general, dicha acción tiene que ejercitarse dentro los seis (6) meses siguientes al archivo y notificación de la sentencia. *HRS Erase v. Centro Médico del Turabo*, 205 DPR 689, 698 (2020). Sin embargo, a modo de excepción, tal norma cede cuando se trata de una sentencia que adolece de nulidad. Íd. Entiéndase, "si una sentencia es nula, la parte promovedora de una moción de relevo de sentencia no está limitada por el término de seis meses expuesto." Íd., pág. 699.

A tenor con lo antes expuesto, cabe precisar que, independientemente de la existencia de uno de los fundamentos

expuestos en la regla, relevar a una parte de los efectos de una sentencia es una decisión discrecional, salvo en los casos de nulidad o cuando la sentencia ha sido satisfecha. *Rivera v. Algarín*, 159 DPR 482, 490 (2003).

**En lo pertinente a la controversia ante nuestra consideración, el Tribunal Supremo de Puerto de Puerto Rico resolvió que los tribunales vienen llamados a relevar de una sentencia cuando se trata de un dictamen que ha quebrantado el debido proceso de ley de una parte, como lo sería una sentencia dictada sin haberse acumulado una parte indispensable.** (Énfasis suplido) *SLG Rivera-Pérez v. SLG Díaz- Doe et al.*, 207 DPR 636, 657 (2021). Así pues, la omisión de una parte indispensable repercute en el resquebrajamiento del debido proceso de ley que al fin y al cabo es un derecho fundamental que justifica su relevo por razón de nulidad de la sentencia. **Una sentencia que se dicte sin una parte indispensable hace que el tribunal que la dictó carezca de jurisdicción sobre la persona, tornando la sentencia en una nula.** (Énfasis suplido) J.A. Cuevas Segarra, *Tratado de Derecho Procesal Civil*, 2da ed., San Juan, Publicaciones JTS, 2011, T. II, pág. 1418.

-D-

Entre las acciones protectoras del dominio figuran la acción reivindicatoria y aquella de deslinde. *Ramírez Quiñones v. Soto Padilla*, 168 DPR 142, 157 (2006). La acción de deslinde se encuentra regulada por el Código Civil de Puerto Rico[22], en los Artículos 319 al 321, 31 LPRA ant. secs. 1211-1213. Esta acción tiene el propósito de determinar los linderos confundidos de dos

---

[22] El derecho aplicable en el caso de epígrafe se remite al Código Civil de Puerto Rico de 1930, puesto que, la presentación de la *Demanda* y los hechos que dan base a esta, tuvieron lugar antes de la aprobación del nuevo Código Civil de Puerto Rico, Ley 55-2020, según enmendado.

heredades contiguas. *Íd.* Esta acción tiene la finalidad de individualizar los inmuebles en cuestión, sin determinar directamente quién es el dueño. *Ramírez Quiñones v. Soto Padilla*, supra, pág. 159. Por tanto, en el deslinde no se demanda una cosa cierta y determinada que como propietarios les pertenece, sino que, precisamente por la indeterminación de la propiedad debido a la confusión con la propiedad colindante, se reclama la fijación de señales que la delimiten. *Zalduondo v. Méndez*, 74 DPR 637, 641–642 (1953). En otras palabras, en esta operación no se discute la validez ni la eficacia de los títulos, sino que solo se dirime su interpretación. Íd. Así pues, la sentencia que se dicta no da ni quita derechos. *Zayas v. Autoridad de Tierras de P.R.,* 73 DPR 897, 901 (1952).

## III.

En el presente caso, el señor Dávila impugna una *Orden* que el TPI dictó el 24 de octubre de 2024 y notificó el 28 de octubre de 2024. Mediante el aludido dictamen, el TPI declaró No Ha Lugar su *Moción en Solicitud de Nulidad de Sentencia.* Específicamente, en su primer señalamiento de error, el apelante alegó que el TPI incidió al declarar No Ha Lugar la *Moción de Nulidad de Sentencia.* Respecto a su segundo señalamiento de error, adujo que el TPI erró al no imponer error manifiesto en derecho y se desvió de claros preceptos en derecho al declarar No Ha Lugar el caso de epígrafe. Finalmente, en su tercer señalamiento de error, arguyó que el TPI incidió al no imponer sanciones a la parte apelada y a los licenciados Stewart, toda vez que incurrieron en crasa temeridad, engaño, abuso de los procedimientos y frivolidad, el cual ocasionó un pleito improcedente, gastos y molestias ilegales. Ello obligándolo a presentar un pleito que a todas luces no procedería en derecho.

Por estar íntimamente relacionados entre sí, discutiremos el primer y segundo señalamiento de error en conjunto. Surge del

expediente ante nuestra consideración que, la parte apelada presentó una *Demanda* de deslinde y daños y perjuicios en contra del apelante y el Municipio. Particularmente, la mayor parte de las alegaciones de la *Demanda* iban dirigidas en contra del señor Dávila. Específicamente, los esposos Rivera González alegaron que el apelante les causó daño, pérdidas de fruto y cosecha, angustias mentales y les privo del disfrute de su propiedad al instalar una verja de alambres de púa fuera de los puntos colindantes de su finca y sembrar 200 matas de plátano en parte del terreno usurpado.

De otra parte, no podemos olvidar que, la acción de deslinde tiene el propósito de determinar los límites materiales de una finca que están confundidos. Cabe precisar, que dicha acción de deslinde se instó a los fines de determinar si el señor Dávila se apropió de un terreno que presuntamente era propiedad de la parte apelada, movió los puntos colindantes y el reclamo de daños y perjuicios. Mientras que la *Sentencia* dictada por el TPI, impidió al apelante de tener acceso a su propiedad.

Dicho lo anterior, es evidente que el señor Dávila es parte indispensable en el presente pleito. Como es sabido, una parte indispensable no se puede prescindir pues sin su presencia no se puede adjudicar correctamente las cuestiones litigiosas ya que sus derechos pueden quedar afectados. *Deliz et als. v. Igartúa et als.*, supra, pág. 433.

En el caso de autos, el TPI emitió una *Orden*, en la cual determinó que el señor Dávila no fue emplazado en el término que proveen las Reglas de Procedimiento Civil, por lo que dictó *Sentencia Parcial* desestimando la *Demanda* **en contra de este**. Entiéndase, el TPI nunca adquirió jurisdicción sobre el apelante. Sin embargo, continuó el pleito en contra del Municipio y emitió una *Sentencia* el 24 de marzo de 2022, en la cual determinó que los esposos Rivera González eran los dueños de la propiedad sita en Yabucoa. Además,

concluyó que el camino existente en dicha propiedad era uno de carácter privado y, que no le pertenecía al Municipio. Nada dispuso sobre los daños solicitados en la *Demanda*.

Como podemos observar, la adjudicación del pleito de epígrafe afectó los derechos del señor Dávila, puesto que le privaba de su derecho al disfrute de su propiedad. Sin embargo, se desestimó la causa de acción en su contra ya que no se le emplazó en el término dispuesto por ley y se continuó el pleito en contra del Municipio. Dicho proceder fue erróneo. Le correspondía al TPI desestimar el presente pleito en su totalidad por falta de parte indispensable. Recordemos que la falta de parte indispensable es motivo para desestimar una reclamación. *Mun. de San Juan v. Bosque Real S.E.*, 158 DPR 743, 757 (2003). De la única manera que es posible traer al pleito a la parte omitida es cuando se pueda adquirir jurisdicción sobre ella. Íd. Ello no era posible en el presente pleito ya que el término para emplazar al apelante había transcurrido.

Conforme al derecho que antecede, los tribunales vienen llamados a relevar de una sentencia cuando se trata de un dictamen que ha quebrantado el debido proceso de ley de una parte, como lo es una sentencia que se dictó sin haberse acumulado a una parte indispensable. *Rivera Torres v. Díaz López*, supra. En virtud de lo anterior, resolvemos que procede la solicitud de nulidad de sentencia toda vez que se dictó *Sentencia* sin una parte indispensable, a saber, el señor Dávila.

Aclaramos que, nuestro ordenamiento jurídico provee para la desestimación sin perjuicio de un pleito cuando falte acumular a una parte indispensable. Por todo lo cual, la parte afectada no está imposibilitada de presentar una nueva causa de acción. Así pues, resolvemos que procede desestimar la causa de acción ante nos sin perjuicio. Por las razones antes expuestas, colegimos que el primer y segundo señalamiento de error no se cometieron.

Por último, respecto al tercer señalamiento de error, el apelante arguyó que el TPI incidió al no imponer sanciones a la parte apelada y a los licenciados Stewart, toda vez que incurrieron en crasa temeridad, engaño, abuso de los procedimientos y frivolidad, lo cual ocasionó un pleito improcedente, gastos y molestias ilegales. Ello obligándolo a presentar un pleito que a todas luces no procedería en derecho. Aclaramos que, no es necesario atender dicho señalamiento de error, puesto que procede revocar el dictamen.

IV.

Por los fundamentos antes expuestos, ***revocamos*** el dictamen recurrido.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda.  Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones